LOUIS SMITHBERGER ET AL., PLAINTIFFS, V. WILLIAM B. BANNING ET AL., DEFENDANTS: NEBRASKA PETROLEUM MARKETERS, INC., ET AL., INTERVENERS.

FILED FEBRUARY 1, 1936.   No. 29603.

*Fay H. Pollock et al.,* for plaintiffs.

*William H. Wright, Attorney General, Milton C. Murphy, Sterling F. Mutz* and *Lester A. Danielson,* for defendants.

*Lee Basye,* for interveners.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and CARTER, JJ.

EBERLY, J.

The issues presented by this proceeding were first presented for consideration by the general demurrers of the defendants to the amended petition of plaintiffs and to the petitions of intervention of the Nebraska Petroleum Markers, Inc., and of Calvin J. Stover. The decision of this court thereon was announced in 129 Neb. 651, 262 N. W. 492. A motion for a new trial and for a rehearing was then presented by the defendants, which was overruled. The defendants electing to plead no further as to the petition of plaintiffs for a declaratory judgment only, a judgment so restricted was thereupon entered upon plaintiffs' pleading in favor of plaintiffs and against the defendants, determining that Senate File No. 363 (Laws 1935, ch. 155) as amended by House Roll No. 432 (Laws 1935, ch. 161) and House Roll No. 675 (Laws 1935, ch. 139) as amended

by Senate File No. 367 (Laws 1935, ch. 136) were in all respects unconstitutional and void. Motions of defendants to dismiss the petition of intervention of the Nebraska Petroleum Marketers, Inc., and the petition and amended petition of intervention of Calvin J. Stover are now presented for our consideration.

This action was originally brought by plaintiffs under section 20-21,141, Comp. St. 1929 (section 2 of our uniform declaratory judgments act), which provides, in part: "Any person * * * whose rights, status or other legal relations are affected by a statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

This court has now determined that the statutory provisions, the validity and construction of which formed the entire basis of plaintiffs' application and to which it was limited, are unconstitutional and void. This relief has been granted upon the pleadings of plaintiffs, and covers fully all matters as to which a declaratory judgment was prayed.

Plaintiffs' petition, though in form, an action brought by private persons as taxpayers, was especially in behalf of 23 counties of the state and their inhabitants. These counties and their inhabitants were represented in this litigation by their several county attorneys. Public rights were necessarily involved and sought to be maintained by these officers as the substance of the proceeding. Concurring opinion by Paine, J., 129 Neb. 666, 262 N. W. 500. The efficiency of their pleadings and procedure to maintain public interest, in light of results secured, could hardly be questioned.

The rule to which this jurisdiction is committed is: "When public officers are engaged in litigation to protect public rights, and their pleadings and procedure maintain the public interest, no private person is entitled to intervene." 1 Bancroft, Code Pleading, 861, sec. 592. See, also, *State v. Farmers State Bank*, 103 Neb. 194, 170 N. W. 901; *Buffalo County v. Kearney County*, 83 Neb. 550, 120 N. W. 171; *State v. Hall*, 125 Neb. 236, 249 N. W. 756.

However, passing this point for the moment, a known authority on the subject of declaratory judgments has well stated:

"At the outset, it may be remarked that in form it (an action seeking a declaratory judgment) differs in no essential respect from any other action, except that the prayer for relief does not seek execution or performance from the defendant or opposing party. It seeks only a final determination, adjudication, ruling, or judgment from the court, but the conditions of the usual action, procedural and substantive, must always be present, namely, the competence or jurisdiction of the court over parties and subject-matter, the capacity of the parties to sue and be sued, the adoption of the usual forms for conducting judicial proceedings (including process, pleadings, and evidence), the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf." Borchard, Declaratory Judgments, 23-24.

With these principles in view, it is to be noted that the Nebraska Petroleum Marketers, Inc., for its petition of intervention, alleges in part: "That this intervener is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska, and that such association is composed wholly of persons duly licensed by the department of agriculture and inspection in the state of Nebraska to carry on the business of dealing and otherwise selling and merchandising motor vehicle fuels, including gasoline and kerosene within Lancaster county, and elsewhere within the state of Nebraska; that said association has a membership of more than two hundred of such dealers and that each of said dealers is a taxpayer and makes reports and pays the gasoline tax assessed by the department of agriculture and inspection of the state of Nebraska; that the intervener therefore intervenes in said cause in behalf of * * * any and all other persons engaged in the sale

and marketing of motor vehicle fuels within the state of Nebraska who are similarly situated and who desire to pay their proportionate share of this action and become a party hereto."

It does not allege in this pleading that as a corporate entity it is a dealer in gasoline, oils, etc., and thus subject to the terms of the statute, the validity of which it questions. Its complaint is wholly based on the fact that it is made up of constituent members who are, in their respective private capacities, dealers in gasoline, oils, etc., which the terms of the legislation in suit purport to tax. However, in addition to the fact of the identity of its membership, its representative capacity and its authority to appear for or in behalf of its membership in the present litigation is nowhere alleged, and cannot be presumed. In this class of cases corporate identity is wholly distinct from the persons who compose it. It is obvious that this corporation has no sufficient legal interest in the matters in controversy to invoke a judgment in its own behalf or in behalf of those it assumes to represent.

Calvin J. Stover, appearing in behalf of himself and all other persons similarly situated, in his original petition of intervention, sets forth that he is "a person duly licensed by the department of agriculture and inspection of the state of Nebraska to carry on and conduct the business of dealing in and otherwise selling and merchandising motor vehicle fuels, including gasoline and kerosene at Hickman, in Lancaster county, Nebraska, and elsewhere throughout the state; that as such dealer he makes reports to and pays the gasoline and motor vehicle fuel tax assessed by the department of agriculture and inspection of the state of Nebraska; that he has made reports to and paid the regular gasoline tax assessed for the months of March and April, 1935, and in addition to the regular tax of four cents per gallon upon the number of gallons received, imported and/or sold by said dealer during said time has been required to pay an additional tax of one cent per gallon upon each gallon of gasoline imported or caused to be imported, received and

sold for said period." He does not allege the quantities of taxable products sold by himself or the amount of alleged unlawful tax by him paid. His petition of intervention attacks the validity of the same legislation as is challenged by the petition of plaintiffs. But, in addition, he prays for an injunction in substance restraining the defendants from levying further taxes pursuant to the challenged legislation, and also restraining such officers from paying over any of such levies heretofore made and collected; asks that the legislation challenged in plaintiffs' petition be decreed unconstitutional, and that the taxes collected thereunder be repaid "to the contributors thereof in the proportionate amounts that the same was collected from such taxpayers." By an amended petition of intervention filed after the disposition of these proceedings made by order of this court on September 20, 1935, declaring the legislation attacked unconstitutional and void, this intervener, in addition to the statements contained in his original petition of intervention, makes further demand on defendants for return of the taxes so unlawfully assessed, and also alleges refusal of defendants to accede thereto. But neither the original nor the amended petition furnishes any basis for the determination of the amount of refunds demanded on behalf of this petitioner.

The tenth paragraph of the amended petition is as follows: "A part of the motor vehicle fuels on which said one cent tax was paid, as aforesaid, was thereafter sold by this intervener, and others similarly situated, but said tax was not collected from such purchasers thereof, although the sale price thereof was sufficient to cover the cost to this intervener, and others similarly situated, of said motor vehicle fuels, including the amount of said tax. This intervener, and others similarly situated, allege they are entitled to a return of said one cent tax paid by them as aforesaid and to retain the same, but this intervener, and others similarly situated, hereby offer to do equity in connection with the disposition of the amount recovered in this suit and, in the event the court determines that as a matter of

equity any part of said amount should be paid to the aforesaid purchasers, then said payments will be made by this intervener, and others similarly situated."

It must be conceded that the intervener Stover, so far as disclosed by his amended petition of intervention, represents in his offer "to do equity" no one but himself. His allegations above quoted disclose an admission of a fact which due consideration of the circumstances of this litigation confirms, viz., that, on the assumption that some one is entitled to a refund of these taxes collected without authority of law, it becomes a litigable controversy as to whether such beneficiary shall be the dealer represented by Mr. Stover, who actually transferred the tax to the officers named in the void acts to receive it, or the ultimate consumer who was the actual source of the payment. The ultimate consumer as against the dealer is not a party to this proceeding. He is a necessary party, and a final binding adjudication cannot be made without his presence.

In this connection, it is stated in Borchard on Declaratory Judgments, 104-106: "More often, however, the court dismisses the proceeding, on the ground that some designated necessary party or parties should have been heard, not only for the information of the court but because such a party might be affected by, even though not bound by, the decision; and in so conclusive a proceeding it would be neither just nor proper to render a judgment without hearing and binding such interested person. Any suggestion, of course, that interested parties could be bound by a judgment in a proceeding to which they were not parties served, with opportunity to be heard, would encounter constitutional objections."

So, too, we must take judicial notice of the fact that subsequent remedial legislation has been enacted and approved by the coordinate departments of our state government, viz., House Roll No. 37 (ch. 19) and House Roll No. 11 (ch. 18) enacted at special session of legislature of 1935, which in terms applies to the controversy before us. The validity of these enactments is not within the issues made by the

pleadings of the present case. While the rule is possibly invoked by the controversy here presented, viz., that, when an applicant is not an indispensable party, intervention will not be allowed when it will change the form of the action or the issues (2 Bancroft, Code Practice and Remedies, 1139, sec. 775), this court is of the opinion that it should refuse to enter any further declaratory judgment for the reason that, in view of the existing circumstances, if such judgment was rendered or entered, confined to the issues as limited by the pleadings, it would not finally terminate the uncertainty or controversy giving rise to this proceeding. Comp. St. 1929, sec. 20-21,145.

Then, too, this court has announced the doctrine that a taxpayer cannot maintain suit to recover void taxes for himself and others similarly situated, but each taxpayer must bring action in his own behalf. *Monteith v. Alpha High School District,* 125 Neb. 665, 251 N. W. 661.

It appears that in this proceeding, considered as an action in intervention, the principles of interpretation as applicable to our controlling statute and the equitable principles involved, as heretofore announced and applied, must be observed; that, considered as strictly an application for a declaratory judgment as to the validity of certain legislation referred to and identified therein, the limitations of interveners' pleadings necessarily set the limits of the possible relief; and that, considered as a proceeding in equity to coerce official action and secure a personal recovery by entry of a judgment in favor of plaintiffs for an amount certain, there can be no recovery by interveners for themselves and others similarly situated, under the doctrine of the *Monteith* case, *supra,* and also the additional reason that the amount of interveners' individual claims are not pleaded.

It is therefore ordered that defendants' motions to dismiss further proceedings on interveners' petitions and amended petition of intervention be and the same hereby are sustained, without prejudice to future actions.

MOTIONS TO DISMISS SUSTAINED.