PHELPS COUNTY, PLAINTIFF, v. CITY OF HOLDREGE ET AL., DEFENDANTS.

274 N. W. 483

FILED JULY 6, 1937. No. 30100.

*Wilber S. Aten,* for plaintiff.

*Frank A. Anderson* and *A. W. Storms,* for defendants.

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and CLEMENTS, District Judge.

ROSE, J.

Phelps county, plaintiff, brought this action in the supreme court and invoked its original jurisdiction for a declaratory judgment on the time to redeem land from a judicial sale for delinquent taxes in the foreclosure of a tax sale certificate under the facts stated in the petition. Other questions are also presented.

The land involved is lot 7 in block 18, second addition to the town which is now the city of Holdrege, Phelps county. There were delinquent general taxes payable to the county and unpaid special assessments due the city for special benefits for public improvements. The defendants are the city of Holdrege, Nebraska Central Building and Loan Association, Lorenzo A. Franzen and Fred A. Jacobson. November 10, 1932, Phelps county, plaintiff, procured in its favor from the county treasurer a tax sale certificate for $530.14 and on November 5, 1935, purchased the delinquent taxes and assessments levied subsequent to the issuance of the tax sale certificate. Delinquencies amounted to $881.10.

March 17, 1936, more than two years after the tax sale certificate was issued, plaintiff sued to foreclose it in the district court for Phelps county. Foreclosure was ordered May 1, 1936, and under the decree the sheriff sold the realty July 13, 1936, to plaintiff for $149.87. The sale was judicially confirmed September 2, 1936. Execution and delivery of a sheriff's deed followed. November 11, 1936, plaintiff sold the lot to defendants Franzen and Jacobson for $550, subject to the 1936 taxes. December 26, 1936, the city of Holdrege, defendant, assessment lienor, and Ne-

braska Central Building and Loan Association, defendant, title holder, separately tendered to the clerk of the district court $149.87, interest and costs, for the purpose of redeeming the premises from the tax foreclosure sale. These tenders were refused by the clerk as having been made after the period for redemption expired.

The facts outlined were pleaded in detail for a declaratory judgment and were assailed by demurrers on the ground, among others, that the petition shows on its face the invalidity of the judgment confirming the judicial sale, because it deprived the parties making the tenders of their constitutional and statutory right of redemption within two years from the foreclosure sale. Const. art. VIII, sec. 3; Comp. St. 1929, sec. 77-2041.

The first question upon which the parties invoke the original jurisdiction of the supreme court for a declaratory judgment may be stated as follows: Are owners and others interested in realty, sold under decree foreclosing valid tax sale certificate, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, barred from the right of redemption on confirmation of such judicial sale?—a question twice recently decided in the affirmative in other cases. *Connely v. Hesselberth,* 132 Neb. 886, 273 N. W. 821; *Peterson v. Swanson,* p. 164, *post,* 274 N. W. 482.

This identical question, according to the pleadings herein, was decided in the former independent action in the district court for Phelps county, from which there was no appeal, the parties having been the same as in the present proceeding. It is not now, therefore, a justiciable issue under the act authorizing declaratory judgments. Comp. St. 1929, sec. 20-21,140. The act does not extend beyond the controversies to which it was intended to apply. An examination of precedents in which its purposes have been discussed shows that courts have a reasonable discretion in determining the controversies to which it applies. It was not intended as a substitute for new trial or appeal; or as a method of destroying a proper exercise of power in a

former action; or as authority for a second trial by the same parties on identical issues in different forums; or as justification for an unnecessary decision; or as approval of collateral attacks on former adjudications. These limitations do not prevent liberal interpretation of the act to give effect to its purposes. Courts do not overlook authorized protection of parties to transactions and written instruments or of trustees, officers and others, where they may be subjected to personal liability for errors in the performance of duties without advance interpretation of law, though prompted by honest motives and business rectitude. A capable text-writer on declaratory judgment laws expressed himself as follows:

"The declaratory action is not a substitute for a new trial or an appeal from a former judgment deciding identical issues or issues which the court believes were passed upon." Borchard, Declaratory Judgments, 181, citing *Back's Guardian v. Bardo*, 234 Ky. 211, 27 S. W. (2d) 960; *Williams v. Flood*, 124 Kan. 728, 262 Pac. 563.

"The court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances." Borchard, Declaratory Judgments, 109.

The following excerpts from court reports indicate the trend of judicial opinion:

"The purpose of the declaratory judgment act was to have a declaration of rights not theretofore determined, and not to determine whether rights theretofore adjudicated had been properly adjudicated. In other words, it was never intended as a substitute for a new trial, or other steps that the Code requires to be taken in the same action, or for an appeal to this court." *Back's Guardian v. Bardo*, 234 Ky. 211, 27 S. W. (2d) 960.

"Controversies involving the interpretation of statutes may be settled under the declaratory judgment law, but

those controversies must include rights claimed by one of the parties and denied by the other. Here the plaintiff is not claiming any right and the defendant is not denying the plaintiff any right. The controversy is such a one as is likely to arise in the trial of any action. Controversies of that character cannot be determined by this court except on an appeal in the action in which the controversy arises." *Williams v. Flood,* 124 Kan. 728, 262 Pac. 563.

In so far as the supreme court of Nebraska has spoken, it is in harmony with the thus expressed views. *Banning v. Marsh,* 124 Neb. 207, 245 N. W. 775.

There is no controversy over the facts in the present proceeding. The pleadings show that the principal question upon which a ruling is sought herein was formerly determined in actual litigation by the parties hereto in another court having jurisdiction; that there was no appeal from the decision; that other questions presented here were either decided by the district court or were determinable there upon application of aggrieved parties. The pleadings therefore do not raise a justiciable issue under the declaratory judgment law. A dismissal of the proceeding necessarily follows.

DISMISSED.