NEW JERSEY BANKERS ASSOCIATION, A VOLUNTARY UN-
INCORPORATED ASSOCIATION, PLAINTIFF–RESPOND-
ENT, v. WALTER D. VAN RIPER, ATTORNEY GENERAL
OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS-
APPELLANTS.

Argued November 1, 1948—Decided December 20, 1948.

Mr. *John W. Griggs,* Deputy Attorney General, argued the cause for defendants-appellants (*Mr. Walter D. Van Riper,* Attorney General).

Mr. *Charles W. Kappes, Jr.,* argued the cause for plaintiff-respondent (*Messrs. Riker, Emery and Danzig,* attorneys).

The opinion of the court was delivered by

VANDERBILT, C. J. The plaintiff brings this suit under the Declaratory Judgments Act *(R. S. 2:26–66, et seq.)* seeking a determination of the constitutionality of the acts dealing with the escheat of unclaimed bank deposits *(Chapter* 199, *P. L.* 1945, as amended and supplemented by *Chapter* 78, *P. L.* 1946 and *Chapter* 91, *P. L.* 1947; *R. S.* 17:9–18, *et seq.).* The statutes provided for the annual payment to the State by all banking institutions doing business within the State of deposits which have remained unclaimed for a period of twenty years. Named as parties defendant in the bill of complaint are the Attorney General and the State Treasurer, who are charged with certain duties under the challenged laws, as well as eleven persons whose unclaimed bank deposits have been paid to the State pursuant to the laws in question, individually and allegedly as representatives of all persons similarly situated. The Attorney General and State Treasurer moved below to strike the bill of complaint contending, among other things, that the plaintiff had no standing to maintain this suit. From a denial of their motion, they appeal.

The plaintiff is an unincorporated association whose membership consists of almost all of the numerous banking institutions doing business within the State, and, it should be pointed out in passing, is not organized under the act relating to corporations and associations not for pecuniary profit, *R. S.* 15:1–1, *et seq.* It is essentially a voluntary association form-

ed to advance the general welfare and interests of banks and banking institutions, but it is not itself engaged in the banking business. It sues here in its own name on behalf of and with the asserted authority of its member banks "for the purpose of protecting them from claims which might arise from their compliance with the 'Escheat Act' in the event that the 'Escheat Act' may be invalid in whole or in part."

While the Declaratory Judgments Act in express terms empowers an unincorporated association to invoke its provisions, *R. S.* 2:26–66, 2:26–69, proceedings thereunder are necessarily restricted by the general rule of law requiring the prosecution of all actions to be in the name of the real party in interest—a person "whose rights, status or other legal relations are affected" by the statutes in question, *R. S.* 2:26–69; *Borchard, Declaratory Judgments (2nd ed.* 1941*) Part II, Chapter* 3; *Note (*1948*)* 174 *A. L. R.* 549; *cf. Rule* 3:17–1. The determination of this question depends upon the terms of *R. S.* 2:78–1, governing the power of an unincorporated association to sue and be sued in its recognized name:

"Any unincorporated organization or association, consisting of seven or more persons and having a recognized name, may sue or be sued in any court of this state by such name in any action or suit affecting its *common property, rights and liabilities*, with the same force and effect as regards such common property, rights and liabilities as if the action or suit were prosecuted by or against all the members thereof. Such an action shall not abate by reason of the death, resignation, removal or legal incapacity of any officer of the organization or association or by reason of any change in its membership."

This action is not concerned with the common property of the plaintiff, if indeed it has any; it has to do solely with the validity of certain acts which deal with the correlative rights and liabilities of banking institutions of this State, their respective depositors of unclaimed moneys, and the State, to which such unclaimed deposits have been paid. Manifestly, the unclaimed funds which were deposited with its member banks are not the property of the plaintiff association, nor is it possessed of any rights or chargeable with any liabilities with respect to such deposits. In the case of the member banks themselves, the character of their rights and liabilities with

regard to the unclaimed deposits is several and distinct, not common or joint. True, questions of law common to each of the member banks are presented and common relief may be said to be sought in this suit, but such community of purpose and unity of legal question does not constitute the proceeding one affecting the "common property, rights and liabilities" of either the plaintiff association or its individual members. It thus appears that the plaintiff is not legally competent to maintain this suit, *Farmers Co-op. Co. v. Socony-Vacuum Oil Co.*, 133 *F. 2d* 101 (*C. C. A. 8th*, 1942).

Nor can the prosecution of the action by the plaintiff be justified on the theory that the plaintiff sues as the representative of a class. Implicit in the doctrine of virtual representation is the requirement that the representative be in fact a member of the class he is undertaking to represent, *Rule* 3:23–1. That the plaintiff is not itself a member of the class interested in the subject matter of the controversy is too plain to require comment.

We likewise question the adequacy of the representation of the class of depositors whom the individual defendants are alleged to represent. These eleven defendants are persons in whose names unclaimed deposits stood in certain of the member banks of the plaintiff association. Their deposits have been paid to the State under the provisions of the Escheat Act *(R. S.* 17:9–18, *et seq.).* Their whereabouts and legal status are unknown and so are the existence, identity and whereabouts of their personal representatives. The bill of complaint alleges that they, "their respective heirs, devisees or personal representatives" are proper parties "in the individual right of each of them and as representatives of all persons" similarly situated. This is followed by the allegations and prayers usual in the case of absent defendants.

Thus these so-called representative persons are defendants in name alone. In the very nature of things they clearly will not come in and conduct a defense or be heard by the court, notwithstanding the fact that the class of depositors whom they have been named to represent have a vital interest in the subject matter of the proceeding, which is adverse to the respec-

.tive interests of the banks and of the State, cf. *Rule* 3:23–1. In the absence of a real and an active participation by the alleged representatives of the class or any reasonable probability thereof, we are of the opinion that adequate representation of the interest of this class does not exist. True, the semblance of judicial proceedings and the form of due process are present, but notice, the essential prerequisite to a hearing, does not in fact exist; illusion has superseded reality.

We are not unmindful of the salutary purposes contemplated and served by the Declaratory Judgments Act and we recognize that it must be liberally construed and administered, *R. S.* 2:26–67. Where, as here, however, the party plaintiff seeking to invoke declaratory relief has itself *no interest in the* proceeding, either individually or as a representative of a class, and where there is in fact no one before the court who is capable of undertaking the defense or enforcement of an outstanding interest adverse to that which the plaintiff purports to represent and adverse to the interests of the State, which it is attempted to have represented by the defendant state officials, the binding effect of any judgment which might be rendered is open to the gravest doubt. In such circumstances, the fundamental beneficial function of a declaratory proceeding—the tranquillizing function—fails of its purpose. In particular, the absence of these necessary parties defendant, who may later quite properly raise the identical issues sought to be litigated in the present suit, would deprive any declaratory judgment rendered herein of "that final and pacifying function it is calculated to subserve." *Borchard, Declaratory Judgments (2nd ed.* 1941*), pp.* 256–257.

The order below will be reversed and the cause remanded with directions to enter an order striking the bill of complaint.

*For reversal:* Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, and ACKERSON—5.

*For affirmance:* None.