NEBRASKA SEEDSMEN ASSOCIATION, APPELLANT, V. DEPARTMENT OF AGRICULTURE AND INSPECTION OF THE STATE OF NEBRASKA ET AL., APPELLEES.

77 N. W. 2d 464

Filed June 8, 1956. No. 33975.

*Van Pelt, Marti & O'Gara, Chauncey C. Sheldon,* and *George E. Howell,* for appellant.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

782

SIMMONS, C. J.

This is an action brought to secure a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act, sections 25-21,149 to 25-21,164, R. R. S. 1943. The Department of Agriculture and Inspection of the State of Nebraska and Ed Hoyt, its director, are defendants.

The plaintiff alleged that it is the duty of the defendant Hoyt, as such director, to execute, enforce, and administer "The Nebraska Seed Law," being sections 81-2,135.01 to 81-2,146.01, R. R. S. 1943. It is further alleged that a controversy has arisen between the parties regarding the interpretation of the act with particular reference to the use of nonwarranty and disclaimer or limitation of liability provisions in the labeling of seeds offered or exposed for sale for sowing purposes. Plaintiff further alleged that it contended that the law did not prohibit the labeling of seeds sold with statements which denied or limited the civil liability for damages of the seller. Plaintiff also alleged that defendants claimed the power to prohibit a seller of seeds from placing on the label or elsewhere on the containers any statements having the effect of limiting or denying the liability of the seller.

Defendants by answer asserted the right to prohibit statements by sellers of seeds on the labels on the containers, the effect of which is to limit or deny liability of such sellers for damages to purchasers of seeds resulting from or arising out of the falsity of statements put on the labels in accord with the provisions of the law. Defendants joined in a prayer for a declaratory judgment on the issues.

Trial was had resulting in a judgment sustaining defendants' interpretation of the law.

Plaintiff appeals and here requests a reversal and remand with directions to enter a judgment in accord with its interpretation of the act. For reasons hereinafter stated we reverse the judgment of the trial court and

remand the cause with directions to dismiss the action.

At the outset we are confronted with the question of the right of the plaintiff to maintain this action. We raise the question on our own motion deeming it important to the proper performance of the judicial function under the Uniform Declaratory Judgments Act.

The caption of the petition recites: "Nebraska Seedsmen Association, Plaintiff." The sole allegation as to the plaintiff, its capacity, and interest in the alleged controversy, is the following statement copied from the petition: "That the plaintiff is an unincorporated association organized for the purpose of carrying on the business of promoting and improving the growing and marketing of agricultural seeds, the dissemination of information of the seed trade and the receipt, holding and disbursement of fees, dues and contributions and other personal property."

Defendants by answer admit the allegation. No evidence was offered or received as to that allegation.

Section 25-21,150, R. R. S. 1943, provides: "Any person * * * whose rights, status or other legal relations are affected by a statute, * * * may have determined any question of construction * * * arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder." An unincorporated association is included within the statutory definition of "person." § 25-21,161, R. R. S. 1943.

We had this provision of the statute here in Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808. We there held: "The requisite precedent conditions of obtaining declaratory relief are: That a controversy exists in which a claim is asserted against one who has an interest in contesting it; that the controversy is between persons whose interests are adverse; that the parties seeking declaratory relief must have a legally protectible interest or right in the controversy; and that the issue involved is capable of present judicial determination."

We there reviewed the authorities generally and also analyzed our previous decisions. We do not deem it necessary to again state those conclusions. We do quote these two sentences: "It grants the moving party an opportunity to have his own rights determined but not some other person's rights when his own are not invaded or disturbed. * * * The questions are, does he have a private individual right involved in controversy, is there a justiciable issue involving the right presented to the court, and is or will that right be threatened or violated?"

Smithberger v. Banning, 130 Neb. 354, 265 N. W. 10, was a declaratory judgment action. There Nebraska Petroleum Marketers, Inc., filed a petition in intervention. There were allegations—not present here—of the interest of the association and its members in the subject matter of the litigation. As to that petition we held: "It does not allege in this pleading that as a corporate entity it is a dealer in gasoline, oils, etc., and thus subject to the terms of the statute, the validity of which it questions. Its complaint is wholly based on the fact that it is made up of constituent members who are, in their respective private capacities, dealers in gasoline, oils, etc., which the terms of the legislation in suit purport to tax. However, in addition to the fact of the identity of its membership, its representative capacity and its authority to appear for or in behalf of its membership in the present litigation is nowhere alleged, and cannot be presumed. In this class of cases corporate identity is wholly distinct from the persons who compose it. It is obvious that this corporation has no sufficient legal interest in the matters in controversy to invoke a judgment in its own behalf or in behalf of those it assumes to represent."

New Jersey Bankers Assn. v. Van Riper, 1 N. J. 193, 62 A. 2d 677, is a quite comparable case. There the association brought a declaratory judgment action to test the constitutionality of an act dealing with the escheat of unclaimed bank deposits. There the plaintiff was

an association whose membership consisted of almost all the banking institutions in the state. (Here there is no showing as to membership of plaintiff.) The association was a banking institution formed to advance the general welfare and interests of banks, but was not itself in the banking business. It sued in its own name with the asserted authority and on behalf of its member banks. (There is no such allegation here.) The defendants were in part the Attorney General and the State Treasurer. They moved to strike the complaint contending that the plaintiff had no standing to maintain the suit. The court held: "While the Declaratory Judgments Act in express terms empowers an unincorporated association to invoke its provisions, R. S. 2:26-66, 2:26-69, proceedings thereunder are necessarily restricted by the general rule of law requiring the prosecution of all actions to be in the name of the real party in interest—a person 'whose rights, status or other legal relations are affected' * * *."

The court then considered the New Jersey statute as to the power of unincorporated associations to sue and be sued and held that plaintiff was not legally competent to maintain the suit.

The court then reversed and remanded with directions to strike the bill of complaint.

For authorities generally dealing with this question see 1 C. J. S., Actions, § 18, p. 1047, where the rule is stated: "An action for a declaratory judgment may be brought only by a person whose rights are affected, or who has a real interest in the subject matter of the controversy; * * *." See Annotation, 174 A. L. R. 551, where the rules are stated: "The general rule that the party maintaining an action under a declaratory judgments act must have a substantial interest or legally protectible interest in the subject matter of the litigation is applicable to an action for a declaratory determination as to the validity of a statute or ordinance, and to establish such an interest the person maintaining the action must show that he will be directly affected by enforcement of

the statute in question. * * * The corollary to the general rule is that one to whom a statute is not applicable is not entitled to maintain an action for a declaratory judgment testing its validity."

We conclude that the plaintiff does not have that legally protectible interest or right in the controversy that is required to maintain the action.

The judgment of the trial court is reversed and the cause is remanded with directions to dismiss the action.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.