STANLEY SLOSBURG, APPELLANT, v. CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLEE, MEYER KATZMAN ET AL., INTERVENERS-APPELLEES.

165 N. W. 2d 90

Filed February 7, 1969. No. 37008.

Foulks, Wall & Wintroub, for appellant.

Herbert M. Fitle and James E. Fellows, for appellee.

Abrahams, Kaslow & Cassman and Frederick C. Gilbert, for interveners-appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a declaratory judgment action in which the plaintiff sought to have the rights of the plaintiff declared in a controversy with the city of Omaha and owners of real estate adjoining plaintiff's lands on which he had constructed fences used as backstops and sidestops to a tennis court. At the close of plaintiff's evidence, the trial court dismissed the action and plaintiff has appealed.

In June 1966, plaintiff, without securing a permit from the city, constructed a fence around a tennis court on a tract of ground north and west of his residence property. The fence was 10 feet in height except in a small part

it was as high as 14 feet. The mesh fence was attached to the inside of the sustaining posts.

The ordinances of the city of Omaha provide in part that before any fence more than 4 feet in height can be erected, built, or constructed a permit must be obtained from the Permits and Inspection Division of the Public Safety Department. Such applications must be accompanied with construction drawings. No fences shall be erected, built, or constructed with the posts located on the outside of the fence fabric or lattice work. Violation of the foregoing is punishable by fine or imprisonment. § 37.56.020, Omaha Municipal Code. One who fails to make application for a permit before starting work for which a permit is required shall, upon being granted a permit, be required to pay double the amount of the regular fees. § 37.12.010, Omaha Municipal Code.

After the erection of the fence in late June 1966 and shortly before July 7, 1966, plaintiff went to the office of the Permits and Inspection Division of the Public Safety Department to obtain a permit to erect the fence. After stating the object of his call, the clerk took the information to Leo Ohlinger who decided that a permit could not be issued and refused to accept an application for a permit. Ohlinger advised the plaintiff that his only remedy was an appeal to the Administrative Appeals Board. Plaintiff perfected such an appeal. On August 4, 1966, the Administrative Appeals Board decided that a permit for the fence "should have been granted." No appeal was taken to the district court from this finding. On August 10, 1966, plaintiff went to the office of the Permits and Inspection Division to obtain the authorized permit, where he was told he must apply for a permit and furnish copies of the survey certificate and of the plans and specifications. On August 15, 1966, plaintiff filed his application with the necessary attachments to obtain the permit authorized by the Administrative Appeals Board ruling. On October 7,

1966, the Director of Public Safety, Francis Lynch, refused to issue the permit. On December 6, 1966, L. K. Smith, successor to Lynch as Director of Public Safety, reviewed the file, came to the conclusion that the holding of the Administrative Appeals Board on August 4, 1966, was a final determination of the issue, and issued the permit on December 7, 1966. Within 10 days thereafter Frederick C. Gilbert and Meyer Katzman, adjoining owners, gave notice of appeal to the Administrative Appeals Board. Chairman Carey refused to set the matter for hearing before the Administrative Appeals Board on the ground that it had been previously determined by the board on August 4, 1966. Some time later, chairman Phillips, successor to Carey, set the matter for hearing and on April 24, 1967, the Administrative Appeals Board held that the denial of a permit by Lynch was final in that no appeal was taken therefrom and denied the permit. Plaintiff gave notice of appeal to the district court. During the pendency of this appeal, agents and employees of the city are alleged to have threatened to revoke the permit issued by safety director Smith. The plaintiff thereupon commenced this declaratory judgment action to have his rights determined.

It must be borne in mind that the obtaining of a permit is a purely administrative proceeding. The city and interveners contend that no application for a permit was filed in the proceeding that led to the decision of the Administrative Appeals Board on August 4, 1966. The record shows that plaintiff went to the office of the Permits and Inspection Division of the Public Safety Department to apply for and obtain the permit. The facts were elicited from the plaintiff and it was determined that he was not entitled to a permit. Instead of filing the application and entering a denial of it, the division passed on the merits and refused to permit a filing of the application, which appears to be a method of handling not uncommon to the office. On appeal, the Administrative Appeals Board considered the appeal and granted

the permit. Under such circumstances, the city is in no position to assert that no application was made, irregular as it may be. Plaintiff was informed that his only remedy was to appeal to the Administrative Appeals Board which he did and secured a favorable result. No appeal was taken from this finding on August 4, 1966, and it became a final disposition of the case.

"An administrative board has no power or authority other than that specifically conferred upon it by statute or by a construction necessary to accomplish the purpose of the act." City of Schuyler v. Cornhusker P. P. Dist., 181 Neb. 704, 150 N. W. 2d 588. See, also, City of Auburn v. Eastern Nebraska Public Power Dist., 179 Neb. 439, 138 N. W. 2d 629; County of Antelope v. State Board of Equalization & Assessment, 146 Neb. 661, 21 N. W. 2d 416.

Under the provisions of section 4.08.050, Omaha Municipal Code, it is provided that any person aggrieved by any decision or determination of the Administrative Appeals Board may appeal to the district court for Douglas County by complying with section 14-813, R. R. S. 1943. There is no provision for a rehearing or reconsideration of a finding or determination of the Administrative Appeals Board. The exclusive remedy provided for one aggrieved by an order or holding of the Administrative Appeals Board is by appeal to the district court.

In Olive Proration Program v. Agricultural Prorate Comm., 17 Cal. 2d 204, 109 P. 2d 918, it is said: "The statute contains no provision in express terms giving the commission authority to change its considered determination, made after a full hearing, and the fact that any order made by it may be reviewed in a judicial proceeding to be commenced within 30 days after its effective date is some evidence of legislative intention to the contrary. And since all administrative action must be grounded in statutory authority, in the absence of a provision allowing a commission to change its determination, courts have usually denied the right to do so."

In the last-cited case, the court cites Heap v. City of Los Angeles, 6 Cal. 2d 405, 57 P. 2d 1323, as follows: " 'If the power were admitted, what procedure would govern its exercise? Within what time would it have to be exercised; how many times could it be exercised? Could. a subsequent commission reopen and reconsider an order of a prior commission? And if the commission could reconsider an order sustaining a discharge, could it reconsider an order having the opposite effect, thus retroactively holding a person unfit for his position? These and many other possible questions which might be raised demonstrate how unsafe and impracticable would be the view that a commission might upset its final orders at its pleasure, without limitations of time, or methods of procedure.' "

We necessarily conclude that the order of the Administrative Appeals Board, dated August 4, 1966, became a final and binding order when no appeal was taken therefrom as provided by the ordinances of the city of Omaha. It is plain, therefore, that proceedings before the Permits and Inspection Division, the Director of Public Safety, and the Administrative Appeals Board, occurring subsequent to August 4, 1966, are void as being outside the scope of the powers with which each has been invested.

The city of Omaha and the interveners, Gilbert and Katzman, contend that the action before the court cannot be entertained for the reason that it is not within the purview of the Declaratory Judgments Act. The present action was filed on May 10, 1967. On May 23, 1967, the plaintiff filed a second action which constituted an appeal from the void order of the Administrative Appeals Board. Appellees assert that a declaratory judgment action cannot be entertained if another action is pending to which the same persons are parties and the same issues involved, citing Strawn v. County of Sarpy, 146 Neb. 783, 21 N. W. 2d 597, and Phelps County v. City of Holdrege, 133 Neb. 139, 274 N. W. 483. They further contend that a declaratory judgment will be refused

where such a judgment, if rendered, will not terminate the controversy giving rise to the proceeding. See, § 25-21,154, R. R. S. 1943; Custer Public Power Dist. v. Loup River Public Power Dist., 162 Neb. 300, 75 N. W. 2d 619. It is also asserted that a declaratory judgment action is not proper where another equally serviceable remedy is available. See Scudder v. County of Buffalo, 170 Neb. 293, 102 N. W. 2d 447. The foregoing cases are clearly the law of this state. The question is whether they control the disposition of the present case.

The record does not show that other actions were pending when the declaratory judgment action was filed. One of the pending actions was a suit by Katzman and his wife against plaintiff to abate the fence as a nuisance, including a claim for damages. It was filed on June 19, 1967, a date subsequent to the filing of the present action. The other case alleged to be pending was plaintiff's last appeal from the void order of the Administrative Appeals Board and was filed on May 23, 1967, approximately 13 days after the action before the court was filed. It is evident, after an examination of the pleadings in the two cases, that neither the issues nor parties are the same as in the case before us, and that neither was pending when the present case was commenced.

We think a proper declaratory judgment would terminate the issues in the present case between the plaintiff and the city of Omaha. The city contends, however, that the ordinances of the city of Omaha provide an exclusive remedy by appeal from the Administrative Appeals Board to the district court and that this precludes a declaratory judgment. This would ordinarily be true and the rule announced in Scudder v. County of Buffalo, *supra,* would apply. But in this case, the plaintiff has a permit which has become final by virtue of the order of the Administrative Appeals Board of August 4, 1966, which was not appealed. On the other hand, the Administrative Appeals Board has issued subsequent void orders which endanger plaintiff's rights, tend to

harass the plaintiff, and subject him to interminable litigation and expense. No cases were pending when the action was filed that preclude a declaratory judgment. A declaratory judgment will terminate the controversy between plaintiff and the city, and tend to terminate other cases growing out of the existing situation. No other remedy is available except on appeal to the district court and plaintiff, after two appeals to the Administrative Appeals Board, is in no better position in determining his rights than he was before. The action will avoid a multiplicity of suits. A justiciable controversy exists in which plaintff has a legal interest. It is between persons with adverse interests which this action will terminate.

A statute applicable to declaratory judgments states: "Sections 25-21,149 to 25-21,164 are declared to be remedial; their purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and are to be liberally construed and administered." § 25-21,160, R. R. S. 1943.

In Nebraska Seedsmen Assn. v. Department of Agriculture & Inspection, 162 Neb. 781, 77 N. W. 2d 464, we said: " 'The requisite precedent conditions of obtaining declaratory relief are: That a controversy exists in which a claim is asserted against one who has an interest in contesting it; that the controversy is between persons whose interests are adverse; that the parties seeking declaratory relief must have a legally protectible interest or right in the controversy; and that the issue involved is capable of present judicial determination.' " See, also, Schroder v. City of Lincoln, 155 Neb. 599, 52 N. W. 2d 808; Berigan Bros. v. Growers Cattle Credit Corp., 182 Neb. 656, 156 N. W. 2d 794. The requirements for declaratory relief as set out in these cases are met. A declaratory judgment should have been entered.

The judgment of the district court is reversed and the

cause, remanded with directions to enter judgment for the plaintiff as prayed.

REVERSED AND REMANDED WITH DIRECTIONS.