DAVID H. STAHMER ET AL., APPELLANTS, V. FRANK MARSH, STATE TREASURER, ET AL., APPELLEES, and SCHOOL DISTRICT NO. 9 OF BOONE COUNTY ET AL., INTERVENORS-APPELLEES, AND FLOYD BELIK ET AL., INTERVENORS-APPELLANTS.

275 N. W. 2d 64

Filed February 6, 1979. No. 41756.

Wright & Simmons, for appellants.

J. Patrick Green of Eisenstatt, Higgins, Kinnamon, Okun & Stern, P.C., for appellees.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is a suit for a declaratory judgment brought by David H. Stahmer, Barbara Stahmer, and Elec-

trical Development Company, Inc., who are residents and taxpayers of the city of Omaha, Nebraska, and the school district of Omaha, a Class V school district. They bring the action for the benefit of all persons in the Omaha school district who are similarly situated.

The defendants are the State Treasurer, the State Commissioner of Education, the Director of the Department of Administrative Services, the State Board of Education, the Superintendent of Public Instruction and the County Treasurer of Douglas County, Nebraska, the Douglas County Committee for the Reorganization of School Districts, the school district of Omaha, School District Nos. 11, 27, and 54 of Douglas County, the school district of Lincoln, and School District No. 94 of Dodge County, Nebraska.

Floyd Belik and Kathleen Belik, residents and taxpayers in School District No. 39 of Holt County, Nebraska, a Class I district, are intervenors. Additional intervenors are School District No. 9, a Class I district in Boone County, Nebraska, and other Class I school districts in Howard County, McPherson County, Wayne County, and Douglas County, and residents and taxpayers in the respective districts.

The petition of the plaintiffs sought a declaration that the classification of all Class I school districts was an unconstitutional classification. The petition further sought an apportionment of the assets of all Class I school districts among other Class II, III, IV, and V school districts. The petition of the intervenors Belik prayed for similar relief.

The case was heard upon demurrers to the petition of the plaintiffs filed by the State Treasurer, Commissioner of Education, Director of Administrative Services, State Board of Education, and School District No. 27 of Douglas County, Nebraska, and School District No. 9 of Boone County, Nebraska, and other intervenors, and demurrers to the petition of intervention of the intervenors Belik filed by School Dis-

trict No. 27 of Douglas County, Nebraska, and School District No. 9 of Boone County, Nebraska, and other intervenors.

On September 19, 1977, all demurrers were sustained except the demurrers of School District No. 9 and other intervenors. The plaintiffs were granted leave to plead further but the petition of intervention of the intervenors Belik was dismissed without prejudice. On October 11, 1977, the plaintiff's petition was dismissed with prejudice. On October 14, 1977, the petition of the intervenors Belik was dismissed with prejudice. Notices of appeal were filed by the plaintiffs and the intervenors Belik on October 21, 1977.

Since the petition of the intervenors Belik was dismissed without prejudice on September 19, 1977, their notice of appeal filed on October 21, 1977, was not filed within the time required by section 25-1912, R. R. S. 1943. Consequently, this court obtained no jurisdiction of the appeal of the intervenors Belik.

Under present statutes school districts in Nebraska are divided into six classifications. § 79-102, R. R. S. 1943. A Class I district is any school district that maintains only elementary grades under the direction of a single school board. Classes II through V are school districts which maintain both elementary and high school grades but are divided into separate classifications on the basis of population. A Class VI district is a school district that maintains only a high school.

The plaintiffs concede that population may be a proper basis for the classification of school districts, but they contend that there are no circumstances under which it might be reasonable to classify separately those school districts which maintain only elementary grades.

A discussion of some of the early history of school district legislation in Nebraska may be found in Gaddis v. School District, 92 Neb. 701, 139 N. W. 280.

Under the first act relating to common schools in the territory, adopted in 1855, the corporate power of the district was placed in the electors assembled in the school meeting. This is basically the form of organization provided for Class I districts. Later acts provided for the government of districts in cities and villages by boards of education. Thus, historically, the Class I districts have been for the most part rural districts with relatively small population which were not considered able to maintain a high school. The other districts were primarily urban districts in areas of greater population where it would not be practical to conduct the affairs of the district at a town meeting. While such a classification may not be perfect, the historical facts suggest that the classification which was adopted by the Legislature was reasonable.

One of the grounds alleged in the demurrers was that the plaintiffs lacked standing to sue. The trial court held that the plaintiffs were not entitled to declaratory relief because they had not alleged an injury personal to them which would be cured by the effect of the declaration.

Before any party can invoke the jurisdiction of the court he must have standing to sue. He must have some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. See 59 Am. Jur. 2d, Parties, § 26, p. 374. A plaintiff must have some remedial interest which the law of the forum can recognize and enforce. Dafoe v. Dafoe, 160 Neb. 145, 69 N. W. 2d 700; Davies v. De Lair, 148 Neb. 395, 27 N. W. 2d 628. In order to maintain an action to enforce private rights the plaintiff must show that he will be benefited by the relief to be granted.

It is a fundamental requirement of the right to declaratory relief that there be a justiciable issue between the parties. A requisite precedent condition for obtaining declaratory relief is that the par-

ties seeking declaratory relief have a legally protectible interest or right in the controversy. Berigan Bros. v. Growers Cattle Credit Corp., 182 Neb. 656, 156 N. W. 2d 794; Nebraska Seedsmen Assn. v. Department of Agriculture & Inspection, 162 Neb. 781, 77 N. W. 2d 464; Slosburg v. City of Omaha, 183 Neb. 839, 165 N. W. 2d 90.

The plaintiffs here have alleged that the taxpayers and residents in Class I districts are treated differently than the taxpayers and residents in other districts, including Class V districts. The fact that there are differences in the applicable laws between the districts does not establish that the plaintiffs have been discriminated against to their injury. But more importantly, the plaintiffs have not demonstrated how they would benefit from a declaration that one or more of the laws applicable to Class I districts is invalid. In short, the pleadings show they have no standing to bring the suit. We conclude the demurrers were properly sustained.

One further matter should be mentioned. We have held that the granting of declaratory relief is discretionary with the trial court. Svoboda v. Hahn, 196 Neb. 21, 241 N. W. 2d 499. There is no absolute mandate that compels the District Court to exercise its jurisdiction to grant such relief.

It is unnecessary to discuss the other contentions of the parties.

The appeal of the intervenors Belik is dismissed. The judgment of the District Court dismissing the petition of the plaintiffs is affirmed.

APPEAL OF INTERVENORS BELIK DISMISSED.
JUDGMENT DISMISSING PETITION
OF PLAINTIFFS AFFIRMED.