JOSEPH E. STRAWN AND CHRISTINE S. MARTH, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF RALPH J. NICKERSON, DECEASED, APPELLANTS, V. THE COUNTY OF SARPY ET AL., APPELLEES.

21 N. W. 2d 597

FILED FEBRUARY 8, 1946. No. 31989.

*Brown, Crossman, West, Barton & Fitch,* for appellants.

*Bernard A. Martin, W. R. Patrick,* and *Guy E. Tate,* for appellees.

Heard before SIMMONS. C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an equitable action, brought in the district court, for a declaratory judgment; to validate a contract entered into between Sarpy County and two independent attorneys to conduct county tax-foreclosure cases, for which they were to receive as attorney's fees the 10 percent provided by statute. To the third amended petition, objections to the jurisdiction of the court were filed by several defendants, and a demurrer by the defendant City of Bellevue. The trial court sustained all objections and the demurrer. Plaintiff refused to plead further, and the cause of action was dismissed at plaintiff's costs.

This suit in equity was instituted by Joseph E. Strawn, an attorney of Papillion, Sarpy County, Nebraska, and Christine S. Marth, executrix of the last will of Ralph J. Nickerson, deceased, as plaintiffs (Ralph J. Nickerson, prior to his death on January 27, 1942, was a duly authorized and licensed practitioner of law, practicing his profession at Papillion), against William Trent, Otto Timm, and Jacob Schram, the duly elected, qualified, and acting county commissioners of Sarpy County, and Herman W. Haeberlein, clerk of the district court in and for Sarpy County, Josephine K. Sorensen, acting county treasurer of Sarpy County, the City of Bellevue, Nebraska, within Sarpy County, and School District No. 1 of Sarpy County, as defendants.

The third amended petition identified the parties and the status of each with reference to the proceedings, and further alleged, in substance, that on May 28, 1940, more than ten freeholders of Sarpy County filed a petition with the county clerk of said county, requesting the board of county commissioners to employ Ralph J. Nickerson and Joseph E. Strawn as special attorneys to prepare, file, and prosecute to decree and final determination all actions to foreclose all certificates of tax sales now held by said county, and to foreclose all tax liens not covered by certificates in said county where the taxes are now delinquent for three years or more, the fee to be allowed said attorneys for their work to be the statutory fee of 10 percent, to be added to the judgment or decree.

Plaintiffs further alleged that thereafter the defendant county commissioners on May 28, 1940, acting under and pursuant to section 23-1203, R. S. 1943, unanimously passed two resolutions, employing Mr. Nickerson and Mr. Strawn and directing them to bring said tax-foreclosure actions on behalf of the county.

Plaintiffs further alleged that said special attorneys instituted and prosecuted to completion twelve separate county tax-foreclosure cases, in each of which the court awarded an attorney's fee equal to 10 percent of the amount found due, taxed as part of the costs in said actions, and by virtue

of section 77-2043, Comp. St. 1929, as preserved by Laws 1943, ch. 176, s. 19, p. 620, providing for said statutory attorney fees, they, as employed attorneys of record for the county, became entitled to such attorney fees as a matter of law, irrespective of the like provision in their contract of employment.

Plaintiffs alleged that certain of the said attorney fees were erroneously distributed by the clerk of the district court to the county treasurer, where they are now segregated and held in a separate identifiable fund; that plaintiffs have not received payment of any portion of the same.

The third amended petition further alleged that legal questions have been raised by certain defendants as to the legality of the appointment of the special attorneys; as to the disposition of certain funds originally held by the clerk of the district court and now held by the acting county treasurer; as to the right of the plaintiffs to said funds so held as between them and the defendants; and as to whom are legally entitled to said funds; and it is necessary to have an adjudication as to each and all of said matters in this proceeding for a declaratory judgment.

Plaintiffs also alleged that jurisdiction over said funds allowed as attorney fees and taxed as costs in the twelve separate causes of action is exclusively within this court, and the county board has no original nor any other jurisdiction thereof, by reason of which claims therefor are not subject to being filed or being considered by the board of county commissioners as claims against the county, and the county board has no jurisdiction over or right to determine the interest of plaintiffs in costs in judicial proceedings in either the actual or constructive possession of this court.

The petition then recites certain facts which the plaintiffs contend might require twelve separate appeals to this court, and therefore entitle them to a declaratory judgment, to save a multiplicity of legal proceedings, and that the purpose of the suit is to obtain a declaratory judgment as to the right, status, and legal relations of the plaintiffs and of the defendants in each and all of said matters. All of the

parties, both plaintiffs and defendants, claim to have a legal interest in the subject matter of this suit in the determination of affirmative or negative relief, and their respective rights, status, and other legal relations with reference thereto will be affected by the determination of the legal questions presented.

The twelve separate causes of action of tax-sale certificate foreclosures are each set out in the petition in detail, and it is alleged that the total amount of decrees entered in the twelve causes of action was $130,299.94, and the amount of attorneys' fees entered was $13,021.95.

Plaintiffs alleged that as special attorneys they have completed their employment and therefore pray "that the Court fix and determine by declaratory judgment that plaintiffs under their general contract of employment with the County and the statutes and law of Nebraska, or independently under the statutes and law of Nebraska, are * * * entitled to the funds decreed, collected and held as 10% statutory attorneys fees as a part of the costs in said twelve cases, * * * and having so determined that this Court further having jurisdiction of the subject matter and being the only Court which has jurisdiction of the subject matter, and * * * of all the parties, proceed further to give full relief based upon its declaratory judgment by directing the defendant, Clerk of the District Court of Sarpy County, Nebraska, and the defendant, Acting County Treasurer * * * to pay to the plaintiffs such funds respectively as are held in their hands, segregated and identifiable as such, * * * and for such other and further relief * * * ."

School District No. 1 filed objections and challenged the jurisdiction of the court over the subject matter of the action, or to determine or render any declaratory judgment therein, in that the jurisdiction of the district court to determine claims against the county is derivative and not original; that defendant has a constitutional right to a trial by jury. Defendant School District No. 1 especially relies on this proposition of law that "Proceedings for a declaratory judgment will not be entertained where another

equally serviceable remedy has been provided by law, or where the matter in issue can be as well and speedily determined in ordinary proceedings open to the parties or is within the exclusive original jurisdiction of another tribunal or board."

The county commissioners filed similar objections. The City of Bellevue demurred to the third amended petition for the reason that the allegations therein contained do not constitute a cause of action against the city.

The trial court sustained the demurrer of the City of Bellevue, the objections of the county of Sarpy and its commissioners, and the objections of School District No. 1, to the third amended petition, and plaintiffs having refused to plead further the court dismissed the plaintiffs' actions. Plaintiffs filed a motion for new trial, which was overruled. Thereupon, the plaintiffs' cause of action was dismissed at plaintiffs' costs, and the plaintiffs appeal.

Plaintiffs' assignments of error charge that the trial court erred in sustaining the objections of defendant school district, also in sustaining the objections of the county of Sarpy and of the county commissioners, as well as in sustaining the demurrer of defendant City of Bellevue, on the ground that plaintiffs' claims were within the exclusive jurisdiction of the board of county commissioners, the right of defendants to a jury trial would be denied, and that plaintiffs' claims could be as speedily and fully determined by other available remedies, without resort to a proceeding under the Uniform Declaratory Judgments Act; that the subject matter was not lawfully subject to a proceeding for a declaratory judgment; and that the court erred in overruling plaintiffs' motion for a new trial.

We find that section 77-2043, Comp. St. 1929, was repealed by chapter 106, Laws 1943, effective May 21, 1943. The repealing act carried the saving clause, as follows: "This act shall in no manner affect pending actions founded on or growing out of any statute repealed by this act." Laws 1943, ch. 176, secs. 19-21, p. 620.

Plaintiffs charge that to appeal each and all of the twelve

separate tax-foreclosure actions said attorneys instituted for Sarpy County would involve twelve separate proceedings and trials, together with added time and expense of the parties; that in this one declaratory judgment the court, having jurisdiction of the parties, should exercise its power to declare all the rights of the parties as to each and all of said funds in this single proceeding.

In England and the British Dominions, declaratory judgments have been in effect for a much longer time than in the United States. We find in British reports many guiding precedents for the exercise of court's discretion. In Russian Commercial & Industrial Bank v. British Bank, 90 L. J. K. B. n. s. 1089, it was said by the House of Lords: "The question in what cases the jurisdiction to give a declaratory judgment should be exercised has been considered in a number of cases which were called to our attention by counsel for the appellants. It should be exercised 'sparingly' * * * 'with care and Jealousy' * * * 'with extreme caution.'" See Law Notes, p. 48 (June, 1930).

"When, however, another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction." Woollard v. Schaffer Stores Co., 272 N. Y. 304, 5 N. E. 2d 829, 109 A. L. R. 1262.

"Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or the plaintiff in that suit. This rule embraces not only cases where the identical issues between the same parties are *sub judice*, but also possibly cases in which the issues only are identical but not the parties." Borchard, Declaratory Judgments (2d ed.), p. 350.

In an opinion by this court, it was unanimously held: "The declaratory judgment law is not substitute for new trial or appeal, nor does it operate to supersede former adjudications or proper proceedings already pending in a

court having jurisdiction of parties and subject-matter." Phelps County v. City of Holdrege, 133 Neb. 139, 274 N. W. 483. See, also, Smithberger v. Banning, 130 Neb. 354, 265 N. W. 10.

"Although there is apparently some conflict on the question, the rule which may be formulated from a reading of the cases as a whole, and under which most of the cases with apparently conflicting results may be reconciled, seems to be that jurisdiction of a declaratory judgment action will not be entertained if there is pending, at the time of the commencement of the declaratory action, another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action." Annotation, 135 A. L. R. 934.

Under the law herein set out in the case at bar, we believe that the district court was right in sustaining the demurrer of the City of Bellevue and in sustaining the objections of the county of Sarpy and of School District No. 1.

Finding no error in the decision rendered by the trial court, its judgment is affirmed.

AFFIRMED.

YEAGER, J., concurs in the result.