MAUDE CLEVENGER SIM, APPELLANT, v. OPAL C. COMISKEY AND EDITH R. WRIGHT, APPELLEES.

341 N.W.2d 611

Filed December 23, 1983.  No. 83-324.

William L. Walker of Walker & Ludlam, and Harvey A. Neumeister and Kent J. Neumeister, for appellant.

Hoch & Steinheider, for appellees.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for State.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order of the district court dismissing plaintiff-appellant's petition for declaratory judgment on the ground that at the time of its filing there was pending in the county court a proceeding involving the same parties and issues. We affirm.

The record establishes that sometime prior to September 3, 1982, the defendants-appellees, Opal C. Comiskey and Edith R. Wright, filed a petition in the county court for Otoe County, seeking an appointment of a conservator and guardian for their half sister, Maude Sim, the plaintiff-appellant, then 82 years of age. In Sim's amended answer filed in the county court, she questioned the constitutionality of 1982 Neb. Laws, L.B. 428, which amended Neb. Rev. Stat. §§ 30-2619, 30-2620, 30-2624, 30-2625, 30-2627, 30-2628, 30-2630, and 30-2633 (Reissue 1979), concerning the appointment of guardians for incapacitated persons.

On September 17, 1982, Sim instituted this action in the district court for Otoe County, seeking a declaration that L.B. 428 is unconstitutional, and seeking to enjoin the prosecution of the county court proceeding.

This court has said on numerous previous occasions that the granting of declaratory relief is discretionary. *Millard School Dist. v. State Department of Education*, 202 Neb. 707, 277 N.W.2d 71 (1979); *Stahmer v. Marsh*, 202 Neb. 281, 275 N.W.2d 64 (1979); *Blanco v. General Motors Acceptance Corp.*, 180 Neb. 365, 143 N.W.2d 257 (1966); *Custer Public Power Dist. v. Loup River Public Power Dist.*, 162 Neb. 300, 75 N.W.2d 619 (1956).

The sole question presented, therefore, is whether

the district court abused its discretion in dismissing Sim's quest for declaratory relief. It did not.

In *Strawn v. County of Sarpy*, 146 Neb. 783, 21 N.W.2d 597 (1946), a case seeking a declaration of contract rights in the face of other pending actions involving the same contract, we denied declaratory relief and adopted the rule that such relief will not be entertained if there is pending, at the commencement of the declaratory action, another action or proceeding to which the same persons are parties and in which are involved, and may be adjudicated, the same issues involved in the declaratory action.

We have reiterated that rule on at least three occasions since *Strawn*. It appears we last did so in *Slosburg v. City of Omaha*, 183 Neb. 839, 165 N.W.2d 90 (1969). Therein, we directed entry of a declaratory judgment because, inter alia, there was no other case pending at the time the declaratory action was filed. We also recognized the rule in *Berigan Bros. v. Growers Cattle Credit Corp.*, 182 Neb. 656, 156 N.W.2d 794 (1968), but held it did not apply because the issue in the previously pending case was not the same as the multiple issues presented in the declaratory action. The rule was acknowledged in *State ex rel. Meyer v. Sorrell*, 174 Neb. 340, 117 N.W.2d 872 (1962), wherein we refused to permit a declaratory action, filed prior to the holding of a hearing by the Governor to remove a public official from office, to operate so as to oust this court's original jurisdiction in a quo warranto action.

We also noted in *Strawn v. County of Sarpy, supra,* quoting with approval from *Woollard v. Schaffer Stores Co.*, 272 N.Y. 304, 5 N.E.2d 829 (1936), that when " 'another action between the same parties, in which all issues could be determined, is actually pending at the time of the commencement of an action for a declaratory judgment, the court abuses its discretion when it entertains jurisdiction.' " *Strawn* at 788, 21 N.W.2d at 600.

It is clear that the district court did not abuse its discretion by dismissing Sim's petition for a declaratory judgment.

AFFIRMED.