549 N.W.2d 172 (1996)
250 Neb. 345
WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, Appellee,
v.
George S. YELICH, Appellant.
No. S-94-946.
Supreme Court of Nebraska.
June 21, 1996.
*173 Lee R. Terry, Suzanne Shehan, Omaha, and J. Michael Benninger, Clarksburg, WV, for appellant.
Carol C. Knoepfler and Cynthia A. Rismiller, of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, for appellee.
WHITE, C.J., and FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.
LANPHIER, Justice.
After appellant George S. Yelich was terminated by Woodmen of the World Life Insurance Society, he and his wife commenced an action for wrongful discharge and defamation in a West Virginia circuit court. Woodmen filed a motion to dismiss the action based on a forum selection clause in its employment contract with Yelich which provided that all causes of action arising under the contract must be brought in Douglas County, Nebraska. After a hearing, the West Virginia circuit court applied Nebraska law and held that the forum selection clause was not enforceable on the facts and denied Woodmen's motion to dismiss. However, while the motion to dismiss was pending in West Virginia, Woodmen filed a declaratory judgment action in the district court for Douglas County, Nebraska, and asked that the court enforce the forum selection clause and enjoin Yelich from proceeding further in West Virginia. Both parties moved for summary judgment. The Nebraska district court granted summary judgment in favor of Woodmen and granted injunctive relief, ordering Yelich to halt the proceedings in West Virginia. Yelich appealed. We hold the district court abused its discretion by entertaining Woodmen's declaratory judgment action when another action was pending in another court involving the same parties and the same issue. We reverse, and remand with directions to enter summary judgment in favor of Yelich.

*174 BACKGROUND
Yelich was terminated by Woodmen amidst allegations of sexual harassment. On or about June 23, 1993, Yelich commenced an action for wrongful discharge and defamation in the circuit court of Marion County, West Virginia, the county in which Yelich lived and had worked for Woodmen. Yelich's wife, Patricia, joined him as plaintiff and sought damages for her own humiliation and suffering arising from the alleged defamation and for loss of consortium. In addition to Woodmen, Yelich named his immediate supervisor, Donnon F. Waldrip, as defendant.
Woodmen moved to dismiss the action based on a forum selection clause in the employment contract between the parties. The forum selection clause stated that "the exclusive venue for the pursuit of any legal proceeding or remedy arising out of this contract shall be in Douglas County, Nebraska."
A hearing was conducted on the motion to dismiss on August 31, 1993. By its order dated September 9, 1993, the West Virginia court applied Nebraska law and denied Woodmen's motion to dismiss. The court found that the plaintiffs and defendant Waldrip were West Virginia residents, that the employment contract had been executed in West Virginia, and that Yelich's alleged conduct and actions which gave rise to his discharge were performed in West Virginia. The court further found that Woodmen actively conducted business in West Virginia. Finally, the court found that it would be inconvenient to require the plaintiffs and the witnesses to pursue the action in Nebraska.
While the motion to dismiss was still pending before the West Virginia court, Woodmen filed an action for declaratory judgment in the district court for Douglas County, Nebraska, on August 10, 1993, naming Yelich as the sole defendant. Woodmen alleged that the forum selection clause was legally enforceable and asked the court to enjoin Yelich from any further proceedings in the West Virginia action for wrongful discharge and defamation. On October 4, Yelich answered and stated that the forum selection clause issue had been contested in West Virginia and that the West Virginia court had denied Woodmen's motion to dismiss.
Woodmen filed a motion for summary judgment in the declaratory judgment action on April 19, 1994. Woodmen asserted that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. On May 19, Yelich also filed for summary judgment and stated that the issues suggested in Woodmen's petition for declaratory judgment had been resolved by the West Virginia court. Both parties introduced affidavits in support of their motions, as well as pleadings from the West Virginia action and the order of the West Virginia court denying Woodmen's motion to dismiss.
On September 23, 1994, the district court held that the forum selection clause was enforceable, granted summary judgment in favor of Woodmen, and issued the injunction. Yelich timely appealed to the Nebraska Court of Appeals on September 30. By order of this court, the appeal was moved to our docket in order to regulate the caseloads of lower courts.

ASSIGNMENTS OF ERROR
Yelich asserts that the trial court erred by granting Woodmen's motion for summary judgment and by further finding that the forum selection clause was enforceable; by enjoining any further action in the West Virginia case; and by failing to grant his motion for summary judgment because, as a matter of law, Nebraska is not a reasonably convenient place for trial and the issue of venue is res judicata.

STANDARD OF REVIEW
In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. Baker's Supermarkets v. State, 248 Neb. 984, 540 N.W.2d 574 (1995); Jones v. State, 248 Neb. 158, 532 N.W.2d 636 (1995); Columbia Nat. Ins. v. Pacesetter Homes, 248 Neb. 1, 532 N.W.2d 1 (1995).
Determinations of factual issues in a declaratory judgment action will not be disturbed *175 on appeal unless they are clearly wrong. Columbia Nat. Ins. v. Pacesetter Homes, supra.

ANALYSIS
Forum selection clauses in contracts may be legally enforceable in this state.
(1) If the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state will entertain the action if (a) the court has power under the law of this state to entertain the action; (b) this state is a reasonably convenient place for the trial of the action; (c) the agreement as to the place of the action was not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; and (d) the defendant... was served as required by law. . . .
Neb.Rev.Stat. § 25-414 (Reissue 1995). See, also, Neb.Rev.Stat. § 25-415 (Reissue 1995) (pertaining to forum selection clauses placing choice of forum in another state).
This court has held that a forum selection clause, which specifically references § 25-415, is not contrary to public policy and does not deny courts their inherent authority to consider appropriate matters presented to them. Haakinson & Beaty Co. v. Inland Ins. Co., 216 Neb. 426, 344 N.W.2d 454 (1984). We also stated that a trial court may refuse to dismiss an action where the facts are consistent with § 25-415's limitations. However, in Haakinson & Beaty Co., we did not discuss boundaries for § 25-415's limitations.
After Yelich chose to commence his cause of action in West Virginia, Woodmen sought to have the forum selection clause enforced by that court. The pleadings and the court order indicate that the contested issue raised by Woodmen's motion to dismiss was whether Nebraska was a reasonably convenient place for the trial. The West Virginia court issued factual findings pertinent to that issue. In addressing Woodmen's motion to dismiss, the West Virginia court recited that it had considered Nebraska law when reaching its ruling and that pursuant to Woodmen of the World Life Ins. Soc. v. Puccio, 1 Neb.App. 478, 499 N.W.2d 85 (1993), and Woodmen of the World Life Ins. Soc. v. Walker, 1 Neb. App. 882, 510 N.W.2d 439 (1993), it would not be reasonable and just to enforce the forum selection clause. The two cited cases are the only Nebraska authority explicitly addressing the issue of when forum selection clauses are enforceable.
The petition in this declaratory judgment action showed on its face that an action was pending in West Virginia involving the same persons and the same issues. Yelich's answer stated that the West Virginia court had conclusively resolved the very issue presented by Woodmen's request for declaratory relief.
The granting of declaratory relief is discretionary. Sim v. Comiskey, 216 Neb. 83, 341 N.W.2d 611 (1983). This court has adopted a rule that an action requesting a declaration of contract rights "will not be entertained if there is pending, at the commencement of the declaratory action, another action or proceeding to which the same persons are parties and in which are involved, and may be adjudicated, the same issues involved in the declaratory action." Id. at 85, 341 N.W.2d at 612. See, also, Zarybnicky v. County of Gage, 196 Neb. 210, 241 N.W.2d 834 (1976); Slosburg v. City of Omaha, 183 Neb. 839, 165 N.W.2d 90 (1969); State ex rel. Meyer v. Sorrell, 174 Neb. 340, 117 N.W.2d 872 (1962). A court abuses its discretion when it entertains jurisdiction over a declaratory judgment action in such a situation. Slosburg v. City of Omaha, supra; Strawn v. County of Sarpy, 146 Neb. 783, 21 N.W.2d 597 (1946).
"`Where an action or proceeding is already pending in another forum involving the same issues, it is manifestly unwise and unnecessary to permit a new petition for a declaration to be initiated by the defendant or plaintiff in that suit....'" Strawn v. County of Sarpy, 146 Neb. at 788, 21 N.W.2d at 600.
The parties do not raise the issue of whether the West Virginia court possessed subject matter and personal jurisdiction. It *176 is to be presumed that a foreign court rendering a judgment had jurisdiction. Gruenewald v. Waara, 229 Neb. 619, 428 N.W.2d 210 (1988).
Therefore, the issue regarding the enforceability of the forum selection clause had been raised in a court of competent jurisdiction prior to the filing of the declaratory judgment action as revealed on the face of the petition. Woodmen had its day in court on this issue in West Virginia and then sought to circumvent a potentially unfavorable ruling by seeking relief in a court of this state. On these facts, entertaining the declaratory judgment action was an abuse of discretion. See, Sim v. Comiskey, supra; Zarybnicky v. County of Gage, supra. Since the issue of the enforceability of the forum selection clause was not properly before the district court, we do not reach the merits of that issue.
We note that Woodmen of the World Life Ins. Soc. v. Puccio, 1 Neb.App. 478, 499 N.W.2d 85 (1993), is procedurally and factually very similar to this case. In Puccio, Woodmen filed a declaratory judgment action and asked the district court for Douglas County to construe a forum selection clause after a West Virginia court had denied a motion to dismiss a breach of contract case for improper venue. Although the issues of res judicata and full faith and credit were raised in the district court and on appeal, the Court of Appeals did not address them. The Court of Appeals ruled on the merits of the case. To the degree that Puccio permitted the use of a declaratory judgment action to obtain judicial review of a judgment of another forum, it is overruled.
Similar questions may be raised by a review of Woodmen of the World Life Ins. Soc. v. Kight, 246 Neb. 619, 522 N.W.2d 155 (1994). However, in Kight, it is not clear that the declaratory judgment action involved the same issues as the matter pending in the other forum.

CONCLUSION
The district court abused its discretion in granting summary judgment in favor of Woodmen, by failing to grant summary judgment in favor of Yelich, and by issuing the injunction. We reverse the orders of the district court, and remand the cause with directions to enter summary judgment in favor of Yelich.
REVERSED AND REMANDED WITH DIRECTIONS.
CAPORALE, J., not participating.