POLK COUNTY RECREATIONAL ASSOCIATION, DOING BUSINESS AS RYAN HILL COUNTRY CLUB, ET AL., APPELLANTS, V. SUSQUEHANNA PATRIOT COMMERCIAL LEASING COMPANY, INC., AND ROYAL LINKS USA, INC., APPELLEES.

734 N.W.2d 750

Filed July 20, 2007.   No. S-06-442.

Vincent Valentino, of Angle, Murphy, Valentino & Campbell, P.C., for appellants.

Douglas J. Peterson and Joel Bacon, of Keating, O'Gara, Nedved & Peter, P.C., L.L.O., for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## I. NATURE OF CASE

Various Nebraska golf courses that leased equipment from Susquehanna Patriot Commercial Leasing Company, Inc. (Patriot), filed this declaratory judgment action in the district court for Polk County against Patriot and Royal Links USA, Inc. (Royal Links), seeking a declaration that their leases were void. Because it filed for bankruptcy, the action was stayed as to Royal Links. The court concluded that the action should be dismissed as to Patriot because the leases at issue contained forum selection clauses and because Patriot had already filed actions on the leases in Pennsylvania. The golf courses appeal the dismissal of the action as to Patriot. We affirm the dismissal.

## II. STATEMENT OF FACTS

Royal Links manufactured the "Beverage Caddy Express" (the Caddy), a cart from which beverages and snacks may be

sold. Royal Links marketed the Caddy to golf courses to be used as a stationary unit or as a movable unit towed by another cart. Royal Links' marketing strategy was to offer golf courses a two-part arrangement. First, a golf course would acquire the Caddy and finance the purchase by entering into a leasing arrangement with a financing company. The typical lease was for a term of 60 months with monthly payments of approximately $300 and an option to purchase at the end of the term. Patriot was one of the financing companies Royal Links used for the leasing portion of the marketing arrangement. Under the second part of Royal Links' marketing arrangement, the golf course would enter into a separate "Program Agreement" with Royal Links under which Royal Links agreed to secure advertising from large national companies and the golf course agreed to display advertising on the Caddy. Under the program agreement, Royal Links would share the advertising revenue with the golf course in an amount equal to the golf courses' payments under the lease. Based on this arrangement, Royal Links' sales people marketed the Caddy as being essentially free to the golf courses because their payments under the lease would be offset by revenue from Royal Links under the program agreement.

In 2003 and 2004, the Royal Links' regional sales representative in Nebraska sold the Caddy under the marketing arrangement described above to various golf courses, including the eight plaintiffs-appellants in this case, Polk County Recreational Association, doing business as Ryan Hill Country Club; Calamus Area Golf & Recreation Club, Inc.; Crofton Lakeview Golf Association, Inc.; Henderson Golf Association, Inc.; O'Neill Country Club; Summerland Golf Club, Inc.; Thornridge Golf Course; and Atkinson-Stuart Country Club (collectively referred to as "the golf courses" herein). When each of the golf courses agreed to participate in the marketing arrangement, it entered into a program agreement with Royal Links and completed an application for financing. Royal Links forwarded the application to Patriot, and upon approval, the golf course executed a lease agreement with Patriot.

The lease agreements named Patriot as the lessor and did not contain any provision making monthly payments contingent on the golf courses' receipt of advertising revenue from Royal

Links. The lease agreements contained forum selection and choice-of-law clauses. The lease agreements executed by seven of the eight golf courses provided as follows:

> JURISDICTION AND VENUE. This Lease shall be binding and effective when accepted by an officer of Lessor at its home office in Pennsylvania, shall be deemed to have been made in Pennsylvania and, accept [sic] for local filing requirements, shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania. Lessee knowingly and voluntarily consents and submits to the jurisdiction of the Federal and State courts of Pennsylvania for purposes of adjudicating the rights and liabilities of the parties pursuant to the Lease. Lessee also knowingly and voluntarily waives the right to trial by jury in any matter or proceeding brought under this Lease.

The lease agreement executed by the eighth golf course, Thornridge Golf Course (hereinafter Thornridge), provided as follows:

> Both parties agree to waive all rights to a jury trial. This Lease shall be governed by the laws of Pennsylvania. Any legal action concerning this Lease shall be brought in federal or state court located within or for Montgomery County, Pennsylvania. You consent to the jurisdiction and venue of federal and state courts in Pennsylvania.

The program agreements that the golf courses executed with Royal Links contained forum selection and choice-of-law clauses providing that the agreements were to be governed by Ohio law and that the actions related to the program agreements were to be brought only in the courts of Lucas County, Ohio.

Royal Links eventually failed to secure advertising and experienced financial difficulty. In October 2004, Royal Links sent letters to the golf courses informing them that it would "no longer fund the monthly payments" under the program agreements. Royal Links gave the golf courses the option of continuing in the advertising program under new agreements or terminating the agreements. After receiving the letters from Royal Links, each of the golf courses stopped making payments to Patriot under the leasing agreements.

In late 2004 and early 2005, Patriot filed separate actions against each of the golf courses to enforce Patriot's rights under the leases. Patriot filed the actions in Montgomery County, Pennsylvania. Patriot had confessions of judgment entered against five of the golf courses. Patriot filed complaints against the three remaining golf courses but did not have confessions of judgment entered. Each of the golf courses made appearances in the respective Pennsylvania cases. On April 25, 2005, the Pennsylvania court granted the golf courses' uncontested motions to consolidate the Pennsylvania cases.

On May 4, 2005, the golf courses filed the present action for declaratory relief in the district court for Polk County, Nebraska. The golf courses named both Patriot and Royal Links as defendants. The golf courses asserted, inter alia, that the forum selection clauses in the agreements were void and should not be enforced. They further asserted that they were fraudulently induced to enter into the program agreements and the lease agreements as a "package deal." The golf courses sought a declaration of their rights pertaining to the agreements. They specifically sought as relief declarations that the agreements were void, declarations that the forum selection clauses of the agreements did not apply, injunctions preventing Patriot from enforcing the lease agreements, and a judgment for any amounts recovered by Patriot in the Pennsylvania proceedings plus other damages. As the basis for a declaration that the agreements were void, the golf courses asserted that the agreements violated various provisions of Nebraska law, including the Seller-Assisted Marketing Plan Act, Neb. Rev. Stat. §§ 59-1701 to 59-1762 (Reissue 2004). On August 25, Royal Links filed a notice in the Nebraska case stating that Royal Links had filed a petition for bankruptcy and that therefore, the proceedings in the Nebraska case were stayed as to Royal Links.

On May 31, 2005, the golf courses moved the Pennsylvania court to stay the consolidated Pennsylvania case. On December 14, the Pennsylvania court entered an order granting the motion and ordering the Pennsylvania case stayed until the proceedings in the Nebraska case were concluded or until further order of the Pennsylvania court.

On June 1, 2005, Patriot had filed a motion for summary judgment in the Nebraska case, and on July 25, the golf courses had filed a motion for partial summary judgment. On April 14, 2006, the court entered an order ruling on Patriot's motion for summary judgment and the golf courses' motion for partial summary judgment. The court noted the forum selection clauses in the leases and stated that "it can hardly be said that the [golf courses] could not reasonably anticipate being haled into court in another state with respect to disputes over the lease." The court concluded that even if the forum selection clauses were unenforceable, the present Nebraska action should be dismissed because "the Pennsylvania action was obviously pending at the time of commencement of this declaratory judgment action." The court therefore overruled the golf courses' motion for partial summary judgment and granted Patriot's motion for summary judgment. The court stated that because the action was stayed as to Royal Links, the order was a final judgment as to the claims between the golf courses and Patriot. The court dismissed the complaint as to Patriot.

The golf courses appeal the April 14, 2006, order of the district court for Polk County.

## III. ASSIGNMENTS OF ERROR

The golf courses assert that the district court erred in granting summary judgment in favor of Patriot and dismissing the action as to Patriot. They specifically assert that the court erred in concluding (1) that the forum selection clauses in the leases were enforceable under applicable common-law principles and under Nebraska's Model Uniform Choice of Forum Act (the Act), Neb. Rev. Stat. §§ 25-413 to 25-417 (Reissue 1995), and (2) that a Nebraska court was precluded from entertaining this declaratory judgment action because of the prior pending action in Pennsylvania.

## IV. STANDARDS OF REVIEW

When a declaratory judgment action presents a question of law, an appellate court has an obligation to reach its conclusion independently of the conclusion reached by the trial court with regard to that question. *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006).

Other applicable standards of review are discussed in the analysis portion of this opinion.

## V. ANALYSIS

The golf courses claim that the district court erred in granting Patriot's motion and dismissing their complaint as to Patriot. They assert that the court erred in concluding that the forum selection clauses in the leases were enforceable and in concluding that this declaratory judgment action should be dismissed because of the prior pending Pennsylvania action. We conclude that the forum selection clause in the Thornridge lease was a mandatory forum selection clause that was enforceable pursuant to § 25-415 and that the court therefore did not err in dismissing the complaint as to Patriot with regard to that lease. We further conclude that although the forum selection clauses in the remaining seven leases were permissive rather than mandatory, the court did not err in dismissing the complaint as to Patriot with regard to these leases because the Pennsylvania action was pending at the time the golf courses filed this action for declaratory judgment in Nebraska.

### 1. FORUM SELECTION CLAUSES

#### (a) Law Related to Forum Selection Clauses

##### (i) Nature of Motion and Order and Standard of Review

As a preliminary matter, we find it necessary to determine the nature of the motion and order under review as they relate to the enforcement of the forum selection clauses. Although Patriot fashioned its motion raising the forum selection issue as a motion for summary judgment, we determine that the appropriate procedure in Nebraska for raising an issue seeking to enforce a forum selection clause which provides that an action be brought in another state is a motion to dismiss pursuant to § 25-415. We treat the proceedings below accordingly.

In *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005), we stated that under the facts present therein, the defendant properly raised a challenge to forum selection clauses as a motion to dismiss for lack of jurisdiction

over the person pursuant to Neb. Ct. R. of Pldg. in Civ. Actions 12(b)(2) (rev. 2003). The forum selection clauses in the relevant contracts in *Ameritas Invest. Corp.* named Nebraska, and in particular Lancaster County, as the forum for suits under the contracts. We noted that § 25-414 of the Act applies where the Nebraska court would have no jurisdiction but for the fact that the parties have consented to its exercise by the choice-of-forum agreement. We determined that a challenge which claims that a forum selection clause naming Nebraska as the forum does not meet the requirements of the Act is properly viewed as a challenge to the personal jurisdiction over the defendant by the Nebraska court and that therefore, the challenge was properly raised in a rule 12(b)(2) motion to dismiss.

█ In contrast to *Ameritas Invest. Corp.*, wherein the defendant resisted a forum selection clause which named Nebraska as the forum, in the present action, Patriot, in the Nebraska case, seeks to enforce a forum selection clause which names another jurisdiction, Pennsylvania, as the forum. The issue raised by Patriot in the present case therefore is not an issue challenging personal jurisdiction, and a rule 12(b)(2) motion to dismiss would not be the proper procedure to raise the forum selection issue. While, as noted in *Ameritas Invest. Corp.*, forum selection clauses naming Nebraska as the forum are governed by § 25-414 of the Act, forum selection clauses naming a jurisdiction other than Nebraska are governed by § 25-415. Section 25-415 is titled "Choice of forum in another state; action pending in this state; procedure" and provides:

> If the parties have agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless (1) the court is required by statute to entertain the action; (2) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (3) the other state would be a substantially less convenient place for the trial of the action than this state; (4) the agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; or (5) it would for some

other reason be unfair or unreasonable to enforce the agreement.

We read § 25-415 to provide the procedure in Nebraska whereby a party may enforce a forum selection clause naming another state as the forum. Section 25-415 provides that "the court will dismiss or stay the action, as appropriate, unless" one of the exceptions is present. Giving meaning to the word "dismiss" in § 25-415, we determine that the proper procedure in Nebraska courts for a party to enforce a forum selection clause naming another state as a forum is to file a motion to dismiss pursuant to § 25-415. See *Haakinson & Beaty Co. v. Inland Ins. Co.*, 216 Neb. 426, 344 N.W.2d 454 (1984). We determine that the motion for summary judgment filed by Patriot in this case can be treated as a motion to dismiss pursuant to § 25-415 and that the court's April 14, 2006, order can be treated as an order granting such motion to dismiss.

■ With regard to the standard of review, we determine that in ruling on a motion to dismiss pursuant to § 25-415, a trial court engages in a procedure similar to ruling on a motion to dismiss for lack of subject matter jurisdiction under rule 12(b)(1), in that the court may base its decision solely on the complaint or may need to make findings of fact. See, generally, *Bohaboj v. Rausch*, 272 Neb. 394, 721 N.W.2d 655 (2006) (regarding standard of review for ruling on rule 12(b)(1) motion to dismiss). Thus, when deciding a motion to dismiss pursuant to § 25-415, the existence and enforceability of a forum selection clause may be determined by a review of the complaint if the contract containing such clause is attached to the complaint, but the court might need to consider additional evidence in order to determine whether any of the exceptions to enforcement of a forum selection clause under § 25-415 is present. We determine that the standard of review for a ruling on a motion to dismiss pursuant to § 25-415 should be similar to that for a ruling on a rule 12(b)(1) motion and therefore is as follows: Aside from factual findings, a ruling on a motion to dismiss pursuant to § 25-415 is subject to de novo review. Where the trial court's decision is based upon the complaint and its own determination of disputed factual issues, we review the factual findings under the "clearly erroneous" standard.

*(ii) Mandatory Versus Permissive Forum Selection Clause*

As noted above, § 25-415 provides that unless one of the exceptions applies, a court in Nebraska will dismiss an action "[i]f the parties have agreed in writing that an action on a controversy shall be brought *only* in another state . . . ." (Emphasis supplied.) We note that while the forum selection clause in the lease executed by Thornridge provides that "[a]ny legal action concerning this Lease *shall be brought* in federal or state courts located within or for Montgomery County, Pennsylvania" (emphasis supplied), the forum selection clauses in the leases executed by the remaining golf courses provide that "[l]essee knowingly and voluntarily consents and submits to the jurisdiction of the Federal and State courts of Pennsylvania for purposes of adjudicating the rights and liabilities of the parties pursuant to the Lease." We determine that while the forum selection clause in the Thornridge lease is a mandatory forum selection clause requiring actions to be brought only in Pennsylvania, the forum selection clauses in the remaining leases are merely permissive forum selection clauses providing that actions may be brought in Pennsylvania, but not requiring that actions be brought only in Pennsylvania or prohibiting actions from being brought in an another appropriate forum.

We note that other jurisdictions have distinguished between forum selection clauses that are mandatory in nature and those that are permissive in nature. In *Converting/Biophile v. Ludlow Composites*, 296 Wis. 2d 273, 287-88, 722 N.W.2d 633, 640-41 (Wis. App. 2006), the Wisconsin Court of Appeals stated:

> "Clauses in which a party agrees to 'submit' to jurisdiction are not necessarily mandatory." [Citation omitted.] "Such language means that the party agrees to be subject to that forum's jurisdiction *if sued there*. It does not prevent the party from bringing suit in another forum." [Citation omitted.] The language of a mandatory clause shows more than that jurisdiction is *appropriate* in a designated forum; it unequivocally mandates *exclusive* jurisdiction. [Citation omitted.] Absent specific language of exclusion, an agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere.

(Emphasis in original.)

■ Under a plain reading, we determine that § 25-415 necessarily makes a similar distinction between mandatory and permissive forum selection clauses when it refers to agreements providing "that an action on a controversy shall be brought *only* in another state." (Emphasis supplied.) In the absence of one of the five listed exceptions, § 25-415 requires dismissal of an action only when the forum selection clause is mandatory. If the forum selection clause is permissive rather than mandatory, § 25-415 does not require dismissal of the Nebraska action.

The forum selection clause in the Thornridge lease provides that any action concerning the lease "shall be" brought in Pennsylvania. We read this forum selection clause to be a mandatory clause requiring that an action with respect to the lease shall be brought only in Pennsylvania. The forum selection clauses in the other seven leases provide only that the parties consent and submit to the jurisdiction of Pennsylvania courts. We read these forum selection clauses to be permissive clauses providing that an action may be brought in Pennsylvania, but not requiring that an action be brought only in Pennsylvania and not prohibiting an action from being brought in another state.

Because the forum selection clause in the Thornridge lease is mandatory, we will consider the enforceability of such clause pursuant to § 25-415 in this section of the opinion. Because the forum selection clauses in the remaining leases are permissive, such clauses are not a barrier to an action in Nebraska and we will consider in the following section of this opinion whether dismissal of the action regarding the remaining leases was appropriate on another basis.

### (iii) Choice of Law

We note that our analysis of the enforceability of the Thornridge forum selection clause is somewhat complicated by the fact that in addition to the forum selection clause, the Thornridge lease, like the remaining leases, contains a choice-of-law clause providing that the lease is to be governed by the law of Pennsylvania. When a party to such an agreement files suit in a state that is not designated by either the forum selection clause or the choice-of-law clause, it is necessary to determine which state's law will govern the enforceability of the forum selection clause itself. However, because in the

present case we determine that the forum selection clause in the Thornridge lease is enforceable under either Nebraska law or Pennsylvania law, we need not decide which jurisdiction's law governs the question of enforceability of the forum selection clause. See *Turcheck v. Amerifund Financial, Inc.*, 272 Mich. App. 341, 725 N.W.2d 684 (2006).

### (b) Application of Law to Forum Selection Clause in Thornridge Lease

■ Under the Act, Nebraska courts are generally directed to enforce forum selection clauses unless certain statutory exceptions apply. A party seeking to avoid a contractual forum selection clause bears a heavy burden of showing that the clause should not be enforced, and, accordingly, the party seeking to avoid the forum selection clause bears the burden of proving that one of the statutory exceptions applies. See, *Turcheck v. Amerifund Financial, Inc., supra* (applying Michigan law similar to the Act in Nebraska).

As noted above, § 25-415 provides that a forum selection clause naming another state is to be enforced and the action dismissed unless one of the listed exceptions is present. Although Pennsylvania has not enacted the Model Uniform Choice of Forum Act, Pennsylvania's analysis regarding the enforceability of forum selection clauses is similar to the analysis that would be undertaken pursuant to Nebraska law. Recently, in *Patriot Leasing Co. v. Kremer Restaurant*, 915 A.2d 647 (Pa. Super. 2006), the Superior Court of Pennsylvania found that a forum selection clause identical to the clause in the Thornridge lease was enforceable. The Pennsylvania court stated that under Pennsylvania law,

> a forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy.

*Id.* at 651. In sum, under both Nebraska and Pennsylvania law, forum selection clauses are to be enforced unless a specified exception is present.

The golf courses argue that under Nebraska law, three exceptions listed in § 25-415 exist in the present case: (1) that the golf courses cannot secure effective relief in Pennsylvania; (2) that Pennsylvania would be a less convenient place for trial; and (3) that agreement as to the forum selection clause was induced by fraudulent misrepresentations by Royal Links as an agent of Patriot. In addition, the golf courses argue that as a matter of common law, the entire agreement, including the forum selection clause, is void and unenforceable because it was predicated on fraudulent misrepresentations.

With regard to the first argument, the golf courses assert that they cannot secure effective relief in Pennsylvania "due to the complex and novel nature of their claims." Brief for appellants at 36. They specifically assert that their action for declaratory judgment involves novel interpretations of Nebraska law, including the Seller-Assisted Marketing Plan Act, §§ 59-1701 to 59-1762. The golf courses argue that because such law is unique to Nebraska and has not been extensively interpreted by the courts of this state, Pennsylvania courts "would have an extremely difficult time applying this law." The golf courses cite *R. C. A. v. Rotman*, 411 Pa. 630, 192 A.2d 655 (1963), for the proposition that Pennsylvania courts are prohibited from making "'conclusive interpretations'" of another state's law in the absence of clear guidance from case law from that other state. Brief for appellants at 36.

We reject the argument that the golf courses could not secure effective relief in Pennsylvania courts. We note again that the leases include choice-of-law provisions stating that the leases are to be governed by Pennsylvania law. Therefore, a question remains as to whether and to what extent the Nebraska laws cited by the golf courses are applicable to the leases. To the extent Nebraska law is applicable, we do not think that Pennsylvania courts are incapable of interpreting such law, nor do we read *Rotman* to prohibit Pennsylvania courts from so doing. The Pennsylvania Supreme Court stated in *Rotman* that "[a]lthough we have the power, and are often required, to give *our* interpretation of the statute of·another state, the *conclusive* interpretation of that statute—the one which these parties desire—must emanate from the courts

of that state." 411 Pa. at 632, 192 A.2d at 657 (emphasis in original). The Pennsylvania Supreme Court therefore acknowledged that Pennsylvania courts can and do interpret the statutes of other states; however, in *Rotman*, the court determined that because of the specific circumstances of that case and the necessity of a conclusive interpretation of another state's law, it was wise judicial procedure to stay the proceedings in Pennsylvania until it was determined whether a conclusive interpretation could be obtained in the other state. The golf courses have not shown that the same considerations exist in the present case, and we therefore do not think that the Pennsylvania courts would be unable to interpret Nebraska law to the extent necessary in the present dispute.

The golf courses next argue that Pennsylvania is a substantially less convenient place for trial. Their main argument in this regard is that "the overwhelming majority of witnesses that will be called at trial are all from Nebraska." Brief for appellants at 40. The golf courses also assert various factors of public interest that argue against trial in Pennsylvania.

■ In this regard, we note that in *Patriot Leasing Co. v. Kremer Restaurant*, 915 A.2d 647 (Pa. Super. 2006), the Pennsylvania Superior Court rejected similar arguments that Pennsylvania was a substantially less convenient place for trial than the defendants' home states of Missouri and Alabama. The court stated that "mere inconvenience or additional expense will not permit a forum selection clause to be avoided" and that "if the forum is available and can do substantial justice to the action, there is no serious impairment of a party's ability to litigate." *Id.* at 652. With regard to the golf courses' argument that most of the witnesses are from Nebraska, we note that it has been stated that a forum is seriously inconvenient only if one party would be " 'effectively deprived of a meaningful day in court.' " See *Interfund Corp. v. O'Byrne*, 462 N.W.2d 86, 88 (Minn. App. 1990) (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)). The court in *Interfund Corp.* further stated that "location and convenience of witnesses [do] not necessarily make a forum seriously inconvenient because deposition testimony can be taken and used without disadvantage at trial." *Id.* We note further that

the convenience of witnesses is a matter that should be within the contemplation of the parties when they agree to a forum selection clause and therefore generally should not be a basis for avoiding enforcement of the clause. We determine that the golf courses have not demonstrated that Pennsylvania is a substantially less convenient forum either under Pennsylvania law or under the Act.

Finally, the golf courses argue that the forum selection clause should not be enforced because the agreements were induced by fraudulent misrepresentations by Royal Links as an agent of Patriot. The golf courses argue that such alleged fraud is a barrier to enforcement of the agreements and of the forum selection clauses under both common law and the Act. Because the Act governs enforceability of forum selection clauses, we analyze this argument under the Act rather than under common-law principles.

■ We note that the Pennsylvania court rejected similar arguments in *Patriot Leasing Co. v. Kremer Restaurant, supra.* The court in *Patriot Leasing Co.* stated that a "forum selection clause can be avoided for fraud only when the fraud relates to procurement of the forum selection clause itself, standing independently from the remainder of the agreement." *Id.* at 653. The court concluded that "the fraud allegations relate to procurement of the equipment lease as a whole rather than the forum selection clause itself; therefore, the allegations will not invalidate the clause." *Id.* The golf courses' allegations of fraud in the present case similarly relate to the procurement of the lease as a whole rather than to the forum selection clause in particular. We therefore conclude that under both Nebraska and Pennsylvania law, such alleged fraud would not invalidate the forum selection clause.

Because none of the exceptions under § 25-415 and none of the exceptions under Pennsylvania law are present, we conclude that the mandatory forum selection clause in the Thornridge lease is enforceable under either Nebraska or Pennsylvania law. Because the forum selection clause required actions concerning the Thornridge lease to be brought in Pennsylvania, the district court properly dismissed the action as to Patriot with regard to the Thornridge lease.

## 2. DISMISSAL OF DECLARATORY JUDGMENT ACTION DUE TO PENDING ACTION IN PENNSYLVANIA

Because the remaining seven leases contained permissive forum selection clauses, the court was not required under § 25-415 to dismiss the action as to Patriot with respect to those leases, and we therefore consider whether the court erred in dismissing the action with respect to those leases for the reason that the action was pending in Pennsylvania. The golf courses assert that the district court erred when it concluded that this declaratory judgment action brought in Nebraska against Patriot should be dismissed because the action in Pennsylvania was pending at the time the golf courses filed this action. We conclude that dismissal of the action against Patriot with regard to the seven remaining leases was appropriate on this basis.

We have noted that Neb. Rev. Stat. § 25-21,154 (Reissue 1995) provides that a court "'may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding,'" and we have stated that the decision "whether to entertain an action for declaratory judgment is within the discretion of the trial court." *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 268 Neb. 439, 449, 684 N.W.2d 14, 23 (2004). In this context, we have stated that in connection with actions for declaratory judgment, "'relief will not be entertained if there is pending, at the commencement of the declaratory action, another action or proceeding to which the same persons are parties and in which are involved, and may be adjudicated, the same issues involved in the declaratory action.'" *Id.* (quoting *Sim v. Comiskey*, 216 Neb. 83, 341 N.W.2d 611 (1983)).

This rule has been extended to situations in which an action is pending in another forum. In *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 549 N.W.2d 172 (1996), we concluded that the trial court abused its discretion by entertaining a declaratory judgment action when an action involving the same parties and the same issues was pending in another state. We stated that where an action or proceeding is

already pending in another forum involving the same issues, it is " " "manifestly unwise and unnecessary" " " to permit a new petition for declaratory relief to be initiated by the defendant or plaintiff in that action. *Id.* at 350-51, 549 N.W.2d at 175 (quoting *Strawn v. County of Sarpy*, 146 Neb. 783, 21 N.W.2d 597 (1946)).

The golf courses acknowledge the district court's reliance on *Yelich* in dismissing this action, but they argue that dismissal was not appropriate in this case because (1) the Pennsylvania action was stayed for the purpose of allowing litigation to proceed in Nebraska and (2) the action cannot be adequately determined in Pennsylvania. With regard to the first argument, the golf courses assert that the concerns which led to the ruling in *Yelich*, specifically the threat of conflicting judgments in different jurisdictions, are not present here because the Pennsylvania court stayed the action to allow litigation to proceed in Nebraska. We note that the Pennsylvania court, in its order staying the action, did not fully explain the reason for its decision, and contrary to the golf courses' argument, we do not interpret the stay as a determination on the part of the Pennsylvania court that Nebraska was the more appropriate forum for this dispute. With regard to the second argument, the golf courses assert that all the issues in this dispute cannot be determined in the Pennsylvania action because the Pennsylvania courts cannot apply and interpret Nebraska law. This second argument is similar to the golf courses' argument considered above in connection with enforceability of the forum selection clauses that they could not secure effective relief in the Pennsylvania courts. We similarly reject the golf courses' argument in this context because we do not find that the Pennsylvania courts would be incapable of or prohibited from interpreting any portions of Nebraska law that might be applicable to the dispute between the golf courses and Patriot.

Because an action for declaratory relief should not be entertained when another action involving the same parties and the same issues is pending, we conclude that the district court did not abuse its discretion when it applied this rationale and dismissed this action as to Patriot with regard to the seven leases other than the Thornridge lease.

## VI. CONCLUSION

We conclude that the forum selection clause in the Thornridge lease was mandatory and enforceable under § 25-415 and that therefore, the district court did not err in dismissing the action as to Patriot with regard to Thornridge. We further conclude that the district court did not err in dismissing the action as to Patriot with regard to the remaining leases because the Pennsylvania action was pending at the time this declaratory judgment action was filed. We therefore affirm the order dismissing the complaint as to Patriot.

AFFIRMED.

HEAVICAN, C.J., not participating.