IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)


RAMOS V. AQUA PALACE


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DOUGLAS RAMOS, APPELLANT,

V.

AQUA PALACE, L.L.C., APPELLEE.


Filed April 23, 2024.    No. A-23-572.


Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Reversed and remanded for further proceedings.

Jason M. Bruno, of Sherrets, Bruno & Vogt L.L.C., for appellant.

Keith A. Harvat, of Houghton, Bradford & Whitted P.C., L.L.O., for appellee.


MOORE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Douglas Ramos filed a complaint in the district court for Douglas County against Aqua Palace, L.L.C., an Iowa business, alleging that Aqua Palace had breached its contract with Ramos to remodel his residential pool and had committed violations of the Nebraska Consumer Protection Act. Upon Aqua Palace's motion, the district court concluded that the action should be dismissed because the contract between the parties contained a forum selection clause which required litigation surrounding the contract to be heard in Pottawattamie County, Iowa. Ramos appeals the dismissal of the action. For the reasons set forth herein, we reverse the dismissal and remand the cause for further proceedings.

- 1 -

BACKGROUND

Around February 2021, Ramos, a resident of Douglas County, Nebraska, hired Aqua Palace, a business located in Council Bluffs, Iowa, to remodel his residential pool. The specifications regarding the remodel included, among other things, furnishing and installing a new pool cover. Ramos believed that Aqua Palace furnished and installed a pool cover that was the wrong size for his pool. Prior to discovering this error, Ramos had paid Aqua Palace close to $40,000 for the pool remodel.

In May 2023, Ramos filed a complaint in the district court alleging that Aqua Palace had breached the agreement to remodel his pool by failing to perform its work in a competent, professional, and workmanlike manner; by failing to furnish and install a functional and safe pool cover; and by failing and refusing to honor "its express and/or implied warranties." Ramos also alleged that Aqua Palace had violated the Nebraska Consumer Protection Act by engaging in unfair and deceptive acts. Ramos alleged that due to Aqua Palace's actions, he had suffered damages in the amount of $40,000, which he had previously paid to Aqua Palace, in addition to the amount of money he would have to spend removing and disposing the incorrect pool cover and obtaining and installing a new one. Ramos also requested an award of interest and attorney fees. Notably, Ramos did not attach to his complaint a copy of the agreement surrounding the pool remodel.

In response to Ramos' complaint, Aqua Palace filed a motion to dismiss pursuant to Neb. Rev. Stat. § 25-415 (Reissue 2016) and Neb. Ct. R. Pldg. § 6-1112(b)(6). In the motion, Aqua Palace alleged that the parties' written agreement included a forum selection clause which provided that the contract shall be governed and enforced according to the laws of the State of Iowa and that any legal claims regarding the contract would be heard in Pottawattamie County, Iowa. Aqua Palace alleged that the forum selection clause was mandatory and that no exceptions existed to negate the applicability of the clause. Aqua Palace asked that the district court dismiss Ramos' complaint because it was not properly filed in a court in Pottawattamie County, Iowa.

Attached to the motion to dismiss is a copy of the parties' written agreement. The agreement is three pages long. Page one clearly indicates that it is the first of three pages in the document. The first page is titled "Sales Order" and includes a list of each item comprising the pool remodel and its cost. The bottom of the page is labeled "Special Comments" and provides further details on the specifications of the remodel. This section carries over onto the second page of the contract. The continuation on the second page is where the installation of a track, a winter cover, and a custom fit liner are mentioned.

The general terms and conditions of the contract also begin on the second page of the contract, including the installer's covenants, warranties, and representations, and information about permits and access to the construction site. This section spills over onto page three, where the forum selection clause is located. Ramos signed on page one of the contract above a line indicating "Customer Signature." He did not initial the first page, or either of the other two pages, despite there being a spot for his initials. In addition, he did not sign the third page of the contract underneath the phrase, "I have read the agreement of sale and agree to the above terms and conditions," despite there being a line for his signature, his printed name, and the date.

Ramos filed a response to Aqua Palace's motion to dismiss wherein he alleged that he never agreed to be bound by the forum selection clause. He alleged that such a clause was never

discussed by the parties and that Aqua Palace incorporated this term into the agreement retroactively. Ramos points to the fact that he did not sign page three of the written agreement, which includes the forum selection clause and a blank signature block underneath language indicating his assent to the terms and conditions listed above. In support of his response to the motion to dismiss, Ramos attached his own affidavit. The affidavit states, in relevant part:

> 4. At no time, did I ever agree that disputes with Aqua Palace LLC would be heard or filed in Pottawattamie County Courts or anywhere else in Iowa. This was never discussed, let alone agreed to, by the parties.

> 5. I never agreed to any of the terms contained on Pages 2 and 3 [of the parties' written agreement]. Those pages do not contain my initials or signature.

Scott Rolenc, one of the owners of Aqua Palace, filed with the district court an affidavit and accompanying exhibits in support of the motion to dismiss. Such exhibits included email correspondence and invoices which transpired between the parties in regard to the pool remodel.

A hearing was held on Aqua Palace's motion to dismiss and Ramos' objection on July 14, 2023. At the hearing, Aqua Palace offered into evidence Rolenc's affidavit and the accompanying exhibits to that affidavit, which included a copy of the written agreement between the parties, invoices sent to Ramos, and email correspondence between the parties. The district court indicated that the contract between the parties would be received into evidence. It did not immediately determine the admissibility of Rolenc's affidavit or the remaining exhibits attached to that affidavit. Ramos offered into evidence his own affidavit that was previously filed with the court as an attachment to his response to the motion to dismiss. The district court also took the admissibility of Ramos' affidavit under advisement.

After the hearing, the district court entered an order sustaining Aqua Palace's motion to dismiss and dismissing Ramos' complaint. In so deciding, the court indicated that it had only considered the written agreement between the parties and none of the other exhibits offered at the hearing. The court then explained,

> Being fully advised in the premises, the Court finds that the sales contract has a selection forum clause that dictates that any litigation must be resolved in the courts of Pottawattamie County, Iowa. Despite [Ramos'] contentions, the clause is valid and binding on [Ramos]. See . . . § 25-415. . . .

> Although [Ramos] did not initial or sign page 2 or 3, his signature is on page 1. Therefore, a binding contract was created between [Ramos] and [Aqua Palace], and each party is bound by its terms.

Ramos appeals from the dismissal of his complaint.

## ASSIGNMENTS OF ERROR

On appeal, Ramos assigns, consolidated and restated, that the district court erred in its determination of what evidence it could consider in ruling on Aqua Palace's motion to dismiss and erred in granting the motion to dismiss.

- 3 -

## STANDARD OF REVIEW

Aside from factual findings, a ruling on a motion to dismiss pursuant to § 25–415 is subject to de novo review. *Polk Cty. Rec. Assn. v. Susquehanna Patriot Leasing*, 273 Neb. 1026, 734 N.W.2d 750 (2007). Where the trial court's decision is based upon the complaint and its own determination of disputed factual issues, we review the factual findings under the clearly erroneous standard. *Id*.

## ANALYSIS

Aqua Palace relied on § 25-415 as a basis for its motion to dismiss. Section 25-415 provides:

> If the parties have agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless (1) the court is required by statute to entertain the action; (2) the plaintiff cannot secure effective relief in the other state, for reasons other than delay in bringing the action; (3) the other state would be a substantially less convenient place for the trial of the action than this state; (4) the agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; or (5) it would for some other reason be unfair or unreasonable to enforce the agreement.

The Nebraska Supreme Court has read § 25-415 as the proper procedure in Nebraska whereby a party may enforce a forum selection clause naming another state as the forum. *Polk Cty. Rec. Assn. v. Susquehanna Patriot Leasing, supra*. The Supreme Court has also held that the statutory language provides that such proper procedure is to file a motion to dismiss and has explained that when ruling on a motion to dismiss pursuant to § 25-415, a trial court should consider the complaint, the contract containing the forum selection clause, and any "additional evidence in order to determine whether any of the exceptions to enforcement of a forum selection clause under § 25-415 is present." *Polk Cty. Rec. Assn. v. Susquehanna Patriot Leasing*, 273 Neb. at 1034, 734 N.W.2d at 757. A party seeking to avoid a contractual forum selection clause bears a heavy burden of showing that the clause should not be enforced, and accordingly, the party seeking to avoid the forum selection clause bears the burden of proving that one of the statutory exceptions applies. *Id*.

In this case, Ramos essentially asserts that the forum selection clause should not apply because "the agreement as to the place of the action was obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means" pursuant to § 25-415(4). Ramos argues that he did not agree to the forum selection clause when signing the contract with Aqua Palace for his pool remodel and that the clause was in fact added to the contract by Aqua Palace after he had signed the first page of the written agreement. In support of this assertion, Ramos attempted to admit into evidence at the hearing on the motion to dismiss his own affidavit, but the district court declined to receive it. On appeal, he challenges the court's failure to receive the exhibit. We find merit to his assertion.

As we explained above, the Supreme Court has detailed that when ruling on a motion to dismiss pursuant to § 25-415, it is proper for the court to consider the complaint, the agreement containing the forum selection clause, and any other evidence relevant to whether an exception to

the enforcement of the clause applies. Here, the court properly considered Ramos' complaint and the parties' written agreement. However, it erred in failing to receive into evidence and consider Ramos' affidavit. Such affidavit speaks directly to whether one of the exceptions listed in § 25-415 would prevent the enforcement of the forum selection clause. Accordingly, the affidavit is relevant to the issue before the court.

Because the court failed to consider Ramos' affidavit, it could not properly consider whether any of the enumerated exceptions contained in § 25-415 barred the enforcement of the forum selection clause. We remand the cause to the district court for further proceedings. Upon remand the court should consider Ramos' affidavit and any other evidence presented by the parties at the July 2023 hearing that is relevant to whether an exception applies to bar the enforcement of the forum selection clause pursuant to § 25-415.

## CONCLUSION

Because the district court did not consider evidence relevant to whether an exception stated in § 25-415 barred the enforcement of the forum selection clause in the parties' written complaint, we reverse the district court's decision to grant Aqua Palace's motion to dismiss and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.